■ ANJANIE CAMADEO et al., Appellants, v GARY LEEDS, M.D., et al., Respondents, et al., Defendants. [736 NYS2d 368] —Order, Supreme Court, New York County (Stanley Sklar, J.),

entered November 9, 2000, which, inter alia, granted the motion of defendants Gary Leeds, M.D., Beth Israel Hospital and Continuum Services for summary judgment dismissing the complaint against them, unanimously affirmed, without costs.

The motion court properly dismissed plaintiff patient's direct claim for her own injury in light of plaintiffs' silence in the face of defendants' assertion that the patient was not pressing such claim. Notably, plaintiffs' brief does not address the propriety of this ruling. Dismissal of the patient's direct claim mandates dismissal of her husband's derivative cause of action (*see, Balestrero v Prudential Ins. Co. of Am.*, 283 App Div 794, *affd* 307 NY 709).

Viewing the evidence in the light most favorable to plaintiffs as the parties opposing summary judgment (*see, David v New York City Hous. Auth.*, 284 AD2d 169, 171), even if there were issues of fact as to departures from the standard of care, there was no duty of care owing to the nonpatient husband. There was no evidence that defendant physician was ever advised by his patient that her husband suffered from health problems, and, thus, no basis for the physician to believe that the nonpatient would be relying on his treatment of the wife and, consequently, no basis upon which a duty to warn the nonpatient might be imposed (*see, Cohen v Cabrini Med. Ctr.*, 94 NY2d 639; *Hecht v Kaplan*, 221 AD2d 100, 105; *Ellis v Peter*, 211 AD2d 353, *lv dismissed* 86 NY2d 885). In view of the foregoing, it is unnecessary to address the other arguments raised by the parties. Concur—Nardelli, J.P., Tom, Sullivan, Ellerin and Rubin, JJ.