■ SHILELA WIENCLAWSKI, Appellant, v NEW YORK SCHOOL FOR THE DEAF, Respondent, et al., Defendants. [753 NYS2d 95] —In an action to recover damages for personal injuries, the plaintiff appeals (1) as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered August 13, 2001, as granted that branch of the motion of the defendants New York School for the Deaf and "Ann Doe," a fictitious name intended to represent a dorm mother at the defendant New York School for the Deaf, which was for summary judgment dismissing the complaint insofar as asserted against the defendant New York School for the Deaf, and denied her cross motion, inter alia, to compel the release of certain records which were reviewed in camera, and (2) from an order of the same court, dated November 14, 2001, which denied the plaintiff's motion for leave to reargue.

Ordered that the appeal from the order dated November 14, 2001, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered August 13, 2001, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondent.

In March 1996, the plaintiff, then a student at the defendant New York School for the Deaf (hereinafter the School) was allegedly raped by another student in one of the School's dormitory buildings. The plaintiff brought this action against, among others, the School and the defendant "Ann Doe," a fictitious name intended to represent a dorm mother at the School (these defendants are hereinafter collectively referred to as the School). She alleged, inter alia, that the School was negligent in failing to maintain adequate security and in failing to properly supervise its students. Following discovery, the School moved for summary judgment dismissing the complaint insofar as asserted against it on the ground that it was not liable for the unforeseeable criminal act of the plaintiff's fellow student. In opposition, the plaintiff asserted that the School could be held liable as a landowner because it was on notice of other sexual assaults which had occurred at the School. She also cross-moved, inter alia, to compel the release of certain police records maintained in connection with such assaults. In an order entered August 13, 2001, the Supreme Court granted the School's motion and denied the plaintiff's cross motion. We affirm.

We reject the plaintiff's argument that the School "must be held to the duty owed by a landlord to its' [sic] tenants/students." Rather, under the facts of this case, the Supreme Court properly determined that the appropriate standard to be applied was whether the School breached its duty to adequately supervise its students (see Mirand v City of New York, 84 NY2d 44, 49; Pratt v Robinson, 39 NY2d 554, 560). "In determining whether the duty to provide adequate supervision has been breached in the context of injuries caused by the acts of fellow students, it must be established that school authorities had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated * * * [A]n injury caused by the impulsive, unanticipated act of a fellow student ordinarily will not give rise to a finding of negligence absent proof of prior conduct that would have put a reasonable person on notice to protect against the injury-causing act" (Mirand v City of New York, supra at 49; see Schrader v Board of Educ. of Taconic Hills Cent. School Dist., 249 AD2d 741).

In this case, the Supreme Court properly granted the School's motion for summary judgment since the sexual assault of the plaintiff by her fellow student was "an impulsive, unanticipated act," and it had neither actual nor constructive notice of any

prior conduct which would have put it on notice to protect against a sexual assault by that student (*see Mirand v City of New York, supra* at 49; *O'Neal v Archdioceses of N.Y.,* 286 AD2d 757; *Gibiser v LaSalle Ctr.,* 258 AD2d 439, 440; *Kennedy v Seaford Union Free School Dist. No. 6,* 250 AD2d 574; *DeMunda v Niagara Wheatfield Bd. of Educ.,* 213 AD2d 975).

The plaintiff's remaining contentions are without merit. S. Miller, J.P., Friedmann, Crane and Rivera, JJ., concur.