■ ANDY LIANG et al., Respondents, v ROSEDALE GROUP HOME et al., Respondents, and CENTER FOR CHILDREN & FAMILIES et al., Appellants. [799 NYS2d 69]—

In an action to recover damages for personal injuries, etc., the defendant Center for Children & Families appeals, and the defendants City of New York, Administration for Children's Services, and Department of Social Services separately appeal, as limited by their briefs, from so much of an order of the Supreme Court, Queens County (Flug, J.), dated August 11, 2004, as denied their respective motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with one bill of costs to the appellants appearing separately and filing separate briefs, the motions are granted, the complaint and all cross claims asserted against the appellants are dismissed, and the action against the remaining defendants is severed.

On June 5, 1999, the then 15-year-old infant plaintiff was

placed in a group home operated by the defendant Center for Children & Families (hereinafter the child care agency). On the morning of his arrival, the infant plaintiff allegedly was sexually assaulted by another teenage resident of the facility. A second incident of sexual assault occurred later that afternoon. The infant plaintiff reported the incidents on the following day, and the resident who had assaulted him was arrested. The infant plaintiff and his mother subsequently commenced this action against several parties, including the child care agency, the City of New York, Administration for Children's Services, and the Department of Social Services (hereinafter the City defendants), seeking to recover damages on a theory of negligent supervision. After depositions had been conducted, the City defendants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and the child care agency separately moved for the same relief. The Supreme Court denied the motions, concluding that the defendants had notice of a dangerous condition after the first assault. We reverse.

We reject the child care agency's contention that it was entitled to the qualified immunity protection afforded by Social Services Law § 419. "It is well settled that a claim of qualified immunity cannot be raised to bar inquiry into an agency's or county's alleged negligent supervision of children in foster care" (*Merice v County of Westchester*, 305 AD2d 383, 384 [2003]; *see Mosher-Simons v County of Allegany*, 99 NY2d 214 [2002]; *Barnes v County of Nassau*, 108 AD2d 50 [1985]; *Bartels v County of Westchester*, 76 AD2d 517 [1980]).

However, in order to find that a school or a foster care facility has breached its duty to adequately supervise the children entrusted to its care, a plaintiff must establish that the school or facility "had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *see Whitfield v Board of Educ. of City of Mount Vernon*, 14 AD3d 552 [2005]; *Merice v County of Westchester, supra; Schrader v Board of Educ. of Taconic Hills Cent. School Dist.*, 249 AD2d 741 [1998]). Both the City defendants and the child care agency sustained their initial burden of demonstrating that the two incidents of sexual assault were not foreseeable by presenting evidence that no prior assaults of this nature had taken place at the facility, and that the resident who committed the assaults had no prior history of violent or threatening behavior of any kind (*see Whitfield v Board of Educ. of City of Mount Vernon, supra; Wienclawski v*

*New York School for Deaf,* 300 AD2d 652 [2002]; *Schrader v Board of Educ. of Taconic Hills Cent. School Dist., supra).* Furthermore, while the infant plaintiff testified at his deposition that after the first incident he told a staff member that he "didn't like being around" the resident who had assaulted him, and that this resident was "bothering" him, those statements were not sufficiently specific to raise a triable issue of fact as to whether the moving defendants had actual or constructive notice that this resident had engaged in prior conduct which would make a further sexual assault by him foreseeable. Accordingly, the motions of the City defendants and child care agency for summary judgment dismissing the complaint and cross claims insofar as asserted against them should have been granted. Schmidt, J.P., S. Miller, Krausman and Fisher, JJ., concur.