■ LILLIAN C., an Infant, by Her Mother and Legal Guardian, CHONG HUI C., et al., Respondents, v ADMINISTRATION FOR CHILDREN'S SERVICES et al., Appellants, et al., Defendants. [852 NYS2d 86]—

Order, Supreme Court, Bronx County (Janice L. Bowman, J.), entered February 1, 2007, which, to the extent appealed from as limited by the briefs, denied defendants-appellants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint as against them.

The record contains no evidence of willful misconduct or gross negligence, which is required to overcome the statutory presumption that the Administration for Children's Services (ACS) and the City acted in good faith in the investigation into

the allegations of abuse in 2001 concerning the infant plaintiff and in the filing of the petition seeking the child's temporary removal from the home (*see* Social Services Law § 419; *Van Emrik v Chemung County Dept. of Social Servs.*, 220 AD2d 952, 953 [1995], *lv dismissed* 88 NY2d 874 [1996]). The investigation was initiated by ACS upon a call from St. John's Hospital on May 17, 2001. The case came in designated "high priority" because there had been four or more prior cases involving the family. During the investigation, both the child and the mother conceded that the mother had pushed the child and that the child had felt "dizzy." The mother herself related certain incidents to the ACS child protective specialist concerning her boyfriend and the child. The child protective specialist confirmed that the boyfriend had a prior arrest for domestic violence. ACS justifiably believed that in the absence of any changed circumstances the mother was placing the child at risk by continuing to allow her boyfriend to have access to the child.

While plaintiffs' claims that defendants failed to adequately supervise the foster parents so as to prevent the alleged sexual abuse of the child are not barred by statutory immunity (*see Sean M. v City of New York*, 20 AD3d 146, 156 [2005]), plaintiffs failed to raise an issue of fact whether defendants had "sufficiently specific knowledge or notice of the dangerous conduct which caused injury" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994]). It is undisputed that the foster parents had served as foster parents on two prior occasions without any complaints; that during meetings with New York Foundling (NYF) and during office visits with her mother the child made no complaint regarding the foster father's sexual misconduct; that background information was gathered by NYF regarding the foster parents, including fingerprint records, which yielded no criminal records; and that the foster father specifically denied having any prior arrests or convictions.

Plaintiffs' claim of intentional infliction of emotional distress must be dismissed because there is no evidence of conduct on defendants' part that meets the threshold of outrageousness required to support such a claim (*see Murphy v American Home Prods. Corp.*, 58 NY2d 293, 303 [1983]). Furthermore, this claim is not available against governmental entities (*Pezhman v City of New York*, 47 AD3d 493, 494 [2008]).

Dismissal of the infant plaintiff's claims mandates dismissal of her mother's derivative claims (*see Camadeo v Leeds*, 290 AD2d 355 [2002]). Concur—Lippman, P.J., Andrias, Nardelli, Buckley and Acosta, JJ.