■ M.S. et al., Respondents, v COUNTY OF ORANGE et al., Appellants, et al., Defendants. [884 NYS2d 74]—

In an action to recover damages for personal injuries, etc., the defendant County of Orange appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Orange

County (Peter C. Patsalos, J.H.O.), entered August 31, 2007, as, upon an order of the same court (Alessandro, J.), dated July 13, 2006, denying that branch of its motion which was for summary judgment dismissing so much of the complaint as alleged negligent supervision insofar as asserted against it, after a nonjury trial on the issue of liability, upon a decision of the same court dated August 14, 2007, finding that it was 70% at fault, the defendants Barbara H. and Ralph J.H. were jointly 30% at fault, and the defendant A.H. was 0% at fault, and after a nonjury trial on the issue of damages, is in favor of the infant plaintiff, M.S., and against it in the principal sum of $800,000, representing the sums of $200,000 for past pain and suffering and $600,000 for future pain and suffering, and is in favor of the defendant A.H. and against it dismissing its cross claim against that defendant, and the defendants Barbara H. and Ralph J.H. separately appeal, as limited by their brief, from so much of the same judgment as is in favor of the infant plaintiff and against them in the principal sum of $800,000.

Ordered that the judgment is reversed insofar as appealed from, on the law, the cross claim asserted by the defendant County of Orange against the defendant A.H. is reinstated, and the matter remitted to the Supreme Court, Orange County, for a new trial on the issue of liability, and thereafter a new trial on the issue of damages, if warranted, with costs to abide the event.

The infant plaintiff M.S. (hereinafter the infant plaintiff), by and through his father J.M. commenced this action alleging that, while placed in the foster home of the defendants Barbara H. and Ralph J.H. (hereinafter the foster parents), he was sexually abused on five occasions between March 14 2001, and June 7, 2001, by his roommate, the then-infant defendant A.H. The infant plaintiff was only six years old at the time of the subject incidents. J.M. asserted a derivative cause of action in his individual capacity as well. The plaintiffs alleged, inter alia, that the defendants County of Orange and the foster parents were liable under a theory of negligent supervision.

The County contends that the Supreme Court improperly denied that branch of its motion which was for summary judgment dismissing so much of the complaint as alleged negligent supervision insofar as asserted against it. The County, however, failed to satisfy its burden of establishing its prima facie entitlement to judgment as a matter of law by eliminating all issues of fact as to whether it had sufficiently specific knowledge or notice of the dangerous conduct which caused the infant plaintiff's injuries (*see Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *cf. Liang v Rosedale Group Home*, 19 AD3d 654, 655 [2005];

*Whitfield v Board of Educ. of City of Mount Vernon*, 14 AD3d 552, 553 [2005]). Accordingly, the Supreme Court properly denied that branch of its motion which was for summary judgment dismissing so much of the complaint as alleged negligent supervision insofar as asserted against it.

Likewise, the County failed to establish its prima facie entitlement to judgment as a matter of law based on an immunity defense relating to its supervision of the foster care placement (*see Sean M. v City of New York*, 20 AD3d 146, 160 [2005]; *Merice v County of Westchester*, 305 AD2d 383, 384 [2003]; *Barnes v County of Nassau*, 108 AD2d 50, 54 [1985]).

Nonetheless, at trial, the Supreme Court erred in allowing into evidence testimony given by the infant plaintiff with respect to the County at the hearing held pursuant to General Municipal Law § 50-h, as well as the infant plaintiff's deposition testimony with respect to all of the defendants, in lieu of live testimony that would have been subject to cross-examination. Although CPLR 3117 (a) (3) permits a party to introduce his or her own deposition transcript into evidence at trial if the party is "unable to attend or testify because of age, sickness, infirmity, or imprisonment" (*see generally Cutler v Konover*, 81 AD2d 571, 572 [1981], *affd* 55 NY2d 891 [1982]; *Wojtas v Fifth Ave. Coach Corp.*, 23 AD2d 685 [1965]), and General Municipal Law § 50-h (4) also permits the use, under similar circumstances, of transcripts of hearings held pursuant to General Municipal Law § 50-h, as against municipal defendants only (*see Weinberg v City of New York*, 3 AD3d 489, 490 [2004]; *Claypool v City of New York*, 267 AD2d 33, 35 [1999]), here, the trial court improvidently exercised its discretion (*see Cutler v Konover*, 81 AD2d at 572) in allowing the deposition and municipal hearing transcripts to be used in lieu of live testimony. The ground for admissibility in this case, as proffered by the plaintiffs' expert, was inadequate and lacked factual support (*see People v Slaughter*, 163 AD2d 342, 343-344 [1990]; *Naso v 1994 BA Leasing Corp.*, 13 Misc 3d 1230[A], 2006 NY Slip Op 52064[U] [2006]; *People v Del Mastro*, 72 Misc 2d 809, 812-813 [1973]). Moreover, in light of the fact that the infant plaintiff testified in the course of the municipal hearing that he complained five times that his roommate engaged in the offensive conduct, but testified during the deposition that he complained only once, the defendants' fundamental common-law right to cross-examination (*see Alford v United States*, 282 US 687, 691 [1931]; *Matter of Friedel v Board of Regents of Univ. of State of N.Y.*, 296 NY 347, 352 [1947]) assumed particular importance with respect to the ultimate assessment of the infant plaintiff's credibility on the issue of notice.

The defendants' inability to challenge the infant plaintiff's credibility through live cross-examination at trial requires that a new trial be held, not only on the issue of liability, but on the issue of damages as well, if warranted (*see McNeill v LaSalle Partners*, 52 AD3d 407, 410 [2008]; *Holt v Welding Servs.*, 264 AD2d 562, 563 [1999]).

The County asserted a cross claim against, among others, the infant plaintiff's roommate, whom the trial evidence established as the sole intentional tortfeasor. Where, as here, a case is tried without a jury, this Court's power to review the evidence is as broad as that of the trial court, "taking into account in a close case 'the fact that the trial judge had the advantage of seeing the witnesses' " (*Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983], quoting *York Mtge. Corp. v Clotar Constr. Corp.*, 254 NY 128, 133-134 [1930]). On this record, the trial court erred in finding that the roommate was 0% at fault, notwithstanding the fact that he was only 11 years old at the time of the alleged incidents underlying the complaint (*see Williams v Hays*, 143 NY 442, 451 [1894]; *Rausch v McVeigh*, 105 Misc 2d 163 [1980]; *Blackwood v Farley*, 40 Misc 2d 289, 289-290 [1963]; *cf. Scinta v Connelly*, 54 AD2d 616 [1976]).

We need not reach the parties' remaining contentions in light of our determination. Spolzino, J.P., Dillon, Miller and Dickerson, JJ., concur.