ANDREW S., Appellant, v JOSEPH GRISTINA et al., Defendants, ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent, and COUNTY OF ORANGE, Defendant/Third-Party Plaintiff-Respondent. McQUADE FOUNDATION, Third-Party Defendant-Respondent. [950 NYS2d 137]—

In 2003, when the plaintiff was 13 years old, he was placed in foster care when it was discovered, inter alia, that he had been sexually abused by the son of his father's girlfriend. The father chose to surrender his parental rights rather than have his girlfriend and the son move out of the home.

In May 2006, when the plaintiff was 15 years old, the defendant Gretchen Gristina contacted the defendant Orange County Department of Social Services (hereinafter DSS) on behalf of herself and her husband, the defendant Joseph Gristina. Gretchen informed DSS that they were interested in becoming foster parents of the plaintiff, with the goal of adopting him. Gretchen's oldest son was a good friend of the plaintiff. The plaintiff moved into the Gristinas' home on July 7, 2006. The Gristinas' home was certified for foster care in December 2006. On May 23, 2007, the plaintiff informed his caseworker that he no longer wanted to be adopted by the Gristinas, but wished to remain living with them. On January 8, 2008, the plaintiff moved out of the Gristinas' home and back into the home of his former foster mother. The plaintiff then decided that he did not want to return to the Gristinas. In May 2008, the plaintiff told the assistant principal at his high school that Gretchen Gristina had sexually abused him while he had been living with the Gristinas.

On June 5, 2009, Gretchen pleaded guilty to endangering the welfare of a child. Gretchen specifically admitted to engaging in inappropriate physical contact with the plaintiff when the plaintiff was less than 17 years old, and that the acts committed were likely to be injurious to the physical, mental, or moral welfare of the plaintiff. The plaintiff then commenced this action against DSS and the County of Orange (hereinafter together the County defendants), Joseph Gristina, and Gretchen Gristina, inter alia, to recover damages for negligent supervision. The County defendants subsequently moved for summary judgment dismissing the complaint insofar as asserted against them and the plaintiff cross-moved for summary judgment on the complaint. In the order appealed from, the Supreme Court, inter alia, denied the plaintiff's cross motion and granted the County defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. The plaintiff appeals and we affirm the order insofar as reviewed.

In order to establish their prima facie entitlement to judgment as a matter of law dismissing so much of the complaint as alleges negligent supervision of the plaintiff while he was in foster care, the County defendants had to establish that they did not have sufficiently specific knowledge or notice of the dangerous conduct which caused the infant plaintiff's injuries (*see McCabe v Dutchess County*, 72 AD3d at 151; *M.S. v County of Orange*, 64 AD3d 560, 561 [2009]). In other words, the County had to show that the third party acts could not have been reasonably anticipated (*see M.S. v County of Orange*, 64 AD3d at 561; *Liang v Rosedale Group Home*, 19 AD3d 654, 655 [2005]).

Here, the County defendants established that the plaintiff was "best friends" with the Gristina's oldest son and that the plaintiff was familiar and comfortable with the family, having spent significant time with them. The plaintiff expressed his desire to move in with the Gristinas with the goal of eventual adoption. The plaintiff's current foster mother knew the Gristinas and approved of them, and encouraged the plaintiff to move in with the Gristinas as soon as possible. The County defendants conducted a background check of Gretchen Gristina and Joseph Gristina, which revealed that they had neither a prior criminal history nor any indicated history of child abuse or neglect. The Gristinas had two teenage sons of their own and an adult daughter with special needs who lived outside of the home for a majority of the time. DSS also conducted a home inspection. DSS observed the plaintiff monthly while he resided with the Gristinas, mostly in the presence of Gretchen but also one-on-one, during which time the plaintiff continued to make honor roll and was involved in several after-school activities. DSS found no evidence of sexual abuse.

The alleged sexual abuse began in or around November of 2006. However, the plaintiff did not tell his caseworkers, his attorney, the Family Court judge, his school guidance counselor, his school psychologist, or his assistant principal, with whom he spoke on a daily basis. Indeed, the alleged sexual abuse was not disclosed by the plaintiff until he told his assistant principal in May 2008. By that time, the plaintiff had already moved out of the Gristinas' home.

Thus, the County defendants sustained their initial burden of demonstrating that the they did not have specific knowledge or notice of the abuse of the plaintiff by Gretchen Gristina (*see McCabe v Dutchess County*, 72 AD3d at 151; *M.S. v County of Orange*, 64 AD3d at 561; *Simpson v County of Dutchess*, 35 AD3d 712 [2006]; *Liang v Rosedale Group Home*, 19 AD3d at 655; *Lillian C. v Administration for Children's Servs.*, 48 AD3d 316 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact.

The plaintiff's remaining contentions are without merit. Angiolillo, J.P., Belen, Chambers and Austin, JJ., concur.