■ PATRICIA KEIZER, Respondent, v SCO FAMILY OF SERVICES, Appellant, et al., Defendant. [991 NYS2d 103]—

In an action to recover damages for personal injuries, the defendant SCO Family of Services appeals from an order of the Supreme Court, Kings County (Martin, J.), dated December 19, 2012, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant SCO Family of Services for summary judgment dismissing the complaint insofar as asserted against it is granted.

The plaintiff, the subject infant's biological mother, commenced this action on behalf of the infant, alleging that, while placed in the foster home of the defendant Freda Humphrey, a foster parent selected and certified by the defendant SCO Family of Services (hereinafter the appellant), Humphrey failed to seek medical attention for the infant's abdominal complaints which resulted in his hospitalization for a ruptured appendix. The Supreme Court denied the appellant's motion for summary judgment dismissing the complaint insofar as asserted against it.

Counties and foster care agencies cannot be vicariously liable for the negligent acts of foster parents, who are essentially contract service providers (see Blanca C. v County of Nassau, 103 AD2d 524, 530-532 [1984], affd 65 NY2d 712 [1985]). Accordingly, the appellant was entitled to judgment as a matter of law dismissing so much of the complaint as alleged that it is vicariously liable for Humphrey's actions or inactions (see Blanca C. v County of Nassau, 65 NY2d 712 [1985]; Sinkler v County of Monroe, 127 AD2d 1006 [1987]).

However, counties and foster care agencies may be sued to recover damages for negligence in the selection of foster parents and in supervision of the foster home (see Liang v Rosedale Group Home, 19 AD3d 654, 655 [2005]; Merice v County of Westchester, 305 AD2d 383, 384 [2003]; Bartels v County of Westchester, 76 AD2d 517, 521-522 [1980]). In order to establish its prima facie entitlement to judgment as a matter of law dismissing so much of the complaint as alleged that it engaged in negligent placement and supervision, the appellant had to establish, prima facie, that it did not have sufficiently specific knowledge or notice of the alleged dangerous conduct which caused the infant's injuries (see Andrew S. v Gristina, 97 AD3d 651, 652 [2012]; McCabe v Dutchess County, 72 AD3d 145, 151 [2010]; M.S. v County of Orange, 64 AD3d 560, 561 [2009]). In other words, the appellant had to show that the third-party acts

could not have been reasonably anticipated (*see Andrew S. v Gristina*, 97 AD3d at 652; *M.S. v County of Orange*, 64 AD3d at 561; *Liang v Rosedale Group Home*, 19 AD3d at 655).

Here, the appellant sustained its initial burden of demonstrating that it did not have specific knowledge or notice of the infant's illness and it was not foreseeable that Humphrey would fail to seek medical attention for the infant's abdominal complaints (*see McCabe v Dutchess County*, 72 AD3d at 151; *M.S. v County of Orange*, 64 AD3d at 561; *Simpson v County of Dutchess*, 35 AD3d 712 [2006]; *Liang v Rosedale Group Home*, 19 AD3d at 655; *Lillian C. v Administration for Children's Servs.*, 48 AD3d 316 [2008]; *Ung v City of New York*, 279 AD2d 425 [2001]). In opposition, the plaintiff failed to raise a triable issue of fact. The affidavits of the plaintiff and the infant, which contained statements claiming that the infant told his caseworker about his abdominal pain and the caseworker did nothing, contradicted the infant's earlier deposition testimony that he did not know if he told his caseworker about his abdominal pain. Thus, the statements contained in the affidavits appear to have been an attempt to create a feigned issue of fact specifically designed to avoid the consequences of the infant's earlier deposition testimony (*see Nai Ren Jiang v Shane Yeh*, 95 AD3d 970, 972 [2012]; *Kokin v Key Food Supermarket, Inc.*, 90 AD3d 850, 851 [2011]; *Freiser v Stop & Shop Supermarket Co., LLC*, 84 AD3d 1307, 1308-1309 [2011]).

Accordingly, the Supreme Court should have granted the appellant's motion for summary judgment dismissing the complaint insofar as asserted against it. Mastro, J.P., Dillon, Miller and Maltese, JJ., concur.