George v Windham (2019 NY Slip Op 01201)





George v Windham


2019 NY Slip Op 01201


Decided on February 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-12890
 (Index No. 523270/16)

[*1]Cheryl George, etc., appellant,
v
Graham Windham, respondent, et al., defendant.


Cascione, Purcigliotti & Galluzzi, P.C., New York, NY (Thomas G. Cascione of counsel), for appellant.
Gordon Rees Scully Mansukhani, LLP, New York, NY (Jamie Haar, Ryan Sestack, and Misty D. Marris of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiff appeals from an order of the Supreme Court, Kings County (Bernard J. Graham, J.), dated October 17, 2017. The order, insofar as appealed from, granted the motion of the defendant Graham Windham pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is modified, on the law, by deleting the provisions thereof granting those branches of the motion of the defendant Graham Windham which were pursuant to CPLR 3211(a)(7) to dismiss so much of the first and second causes of action as sought to recover damages for that defendant's alleged negligence in the selection of a foster parent and in supervision of a foster home, and pursuant to CPLR 3211(a)(5) and (7) to dismiss so much of third cause of action as sought damages for loss of services and for expenses for the care and treatment of the subject children insofar as asserted against it, and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff, the subject children's biological grandmother and legal guardian, commenced this action on behalf of the children, and individually, alleging that, while placed in the foster home of the defendant Angela Packer, the children were sexually abused by another child living in the home. The plaintiff further alleged that the children were provided substandard foster care in that they were ill-fed, ill-clothed, and otherwise denied basic sustenance. The defendant Graham Windham is the foster care agency that placed the children in Packer's home. The first and second causes of action seek damages for the defendants' alleged negligence. The third cause of action seeks damages allegedly suffered by the plaintiff for her loss of the society and services of the children. The fourth cause of action seeks punitive damages for alleged intentional conduct toward the children. Graham Windham moved to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211(a)(5) and (7). In the order appealed from, the Supreme Court, among other things, granted that motion. The plaintiff appeals.
When assessing the adequacy of a complaint in light of a motion to dismiss pursuant [*2]to CPLR 3211(a)(7), the question is whether the pleading states a cause of action, not whether the plaintiff has a cause of action (see Romanello v Intesa Sanpaolo, S.p.A., 22 NY3d 881, 887; Guggenheimer v Ginzburg, 43 NY2d 268, 275; Sokol v Leader, 74 AD3d 1180, 1180-1181). The pleading is to be afforded a liberal construction (see CPLR 3026), and the court must accept the facts as alleged in the complaint as true, according the plaintiff the benefit of every possible favorable inference, determining only whether the facts as alleged fit within any cognizable legal theory (see Nonnon v City of New York, 9 NY3d 825, 827; Leon v Martinez, 84 NY2d 83, 87-88).
"Counties and foster care agencies cannot be vicariously liable for the negligent acts of foster parents, who are essentially contract service providers" (Keizer v SCO Family of Servs., 120 AD3d 475, 476; see Blanca C. v County of Nassau, 65 NY2d 712, 713; Blanca C. v County of Nassau, 103 AD2d 524, 532, affd 65 NY2d 712). "However, counties and foster care agencies may be sued to recover damages for negligence in the selection of foster parents and in supervision of the foster home" (Keizer v SCO Family of Servs., 120 AD3d at 476; see McCabe v Dutchess County, 72 AD3d 145, 151; Blanca C. v County of Nassau, 103 AD2d at 532-533; Bartels v County of Westchester, 76 AD2d 517, 523). Ultimately, to sustain a cause of action for negligent supervision, the plaintiff must establish that the defendant "had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated" (Mirand v City of New York, 84 NY2d 44, 49; see Keizer v SCO Family of Servs., 120 AD3d at 476-477; McCabe v Dutchess County, 72 AD3d at 151; Simpson v County of Dutchess, 35 AD3d 712, 713; Liang v Rosedale Group Home, 19 AD3d 654, 655).
We agree with the Supreme Court that Graham Windham was entitled to dismissal of so much of the negligence causes of action as alleged that it is vicariously liable for Packer's action or inactions, since it cannot be vicariously liable for her negligence. However, the court should not have directed dismissal of so much of the first and second causes of action as alleged negligence in the selection of Packer as a foster parent and in supervision of the foster home. The complaint sufficiently alleged that Graham Windham had notice of the dangerous conduct at issue such that the abuse could reasonably have been anticipated (see Bartels v County of Westchester, 76 AD2d at 523).
We also agree with the Supreme Court that Graham Windham was entitled to dismissal of so much of the third cause of action as sought damages for the plaintiff's loss of the children's society. "[I]n New York, the law will not compensate a parent for the loss of a child's affection and companionship when a child is injured" (DeAngelis v Lutheran Med. Ctr., 84 AD2d 17, 26, affd 58 NY2d 1053; see Dunphy v. J & I Sports Enters., 297 AD2d 23, 26; Devito v Opatich, 215 AD2d 714, 715). However, a parent may recover damages measured by the pecuniary loss sustained by the injuries to the child, including the value of the child's services, if any, of which the parent was deprived and reasonable expenses necessarily incurred in an effort to restore the child to health (see Gilbert v Stanton Brewery, Inc., 295 NY 270, 273; Moore v Ewing, 9 AD3d 484, 489; DeAngelis v Lutheran Med. Ctr., 84 AD2d at 26). Thus, the court should not have directed dismissal, pursuant to CPLR 3211(a)(7), of so much of the third cause of action insofar as asserted against Graham Windham as sought to recover damages for the loss of the children's services and the expense for their care and treatment. Furthermore, contrary to the court's determination, this cause of action was not barred by the applicable statute of limitations, as the damages allegedly suffered by the plaintiff occurred within three years prior to the filing of the complaint (see CPLR 214[5]; cf. Chambers v Mirkinson, 68 AD3d 702, 706).
Finally, as to the fourth cause of action, seeking punitive damages, on appeal, the plaintiff specifies that this cause of action is predicated on Packer's allegedly intentional acts in keeping the children ill-clothed and ill-fed. She concedes that in the absence of vicarious liability, she cannot recover against Graham Windham on this cause of action. Since, as discussed above, Graham Windham cannot be vicariously liable for Packer's acts, we agree with the Supreme Court that Graham Windham was entitled to dismissal of the fourth cause of action insofar as asserted against it.
The plaintiff's remaining contention is without merit.
SCHEINKMAN, P.J., LEVENTHAL, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court