244 Linwood One, LLC v Tio Deli Grocery Corp. (2023 NY Slip Op 01072)

244 Linwood One, LLC v Tio Deli Grocery Corp.

2023 NY Slip Op 01072

Decided on March 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
JOSEPH A. ZAYAS
BARRY E. WARHIT, JJ.

2020-04245
 (Index No. 514636/17)

[*1]244 Linwood One, LLC, et al., respondents,
v
Tio Deli Grocery Corp., appellant.

Momodou Marong, Far Rockaway, NY, for appellant.
Rosman Legal, P.C., White Plains, NY (Robert S. Rosman and Steven M. Brunnlehrman of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, for ejectment and declaratory relief, the defendant appeals from a judgment of the Supreme Court, Kings County (Richard J. Montelione, J.), dated May 7, 2020. The judgment, insofar as appealed from, after a nonjury trial, declared that a lease dated October 2015 and its addendum were void ab initio.
ORDERED that the judgment is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the first cause of action.
This action involves the sale of certain premises located in Brooklyn. In January 2014, the owner of the subject premises, Latchman Awad, leased the ground floor retail space of the premises to Sandwich Heaven Corp. (hereinafter Sandwich Heaven). In September 2015, Sandwich Heaven assigned the lease to the defendant, Tio Deli Grocery Corp. (hereinafter Tio Deli). In October 2015, Tio Deli purportedly entered into a new lease with Awad (hereinafter the 2015 Lease), with a term of 15 years. In November 2015, Awad sold the subject premises to the plaintiffs.
In July 2017, the plaintiffs commenced this action against Tio Deli. In the first cause of action, the complaint sought a judgment declaring that the 2015 Lease was void ab initio. The complaint also sought a judgment declaring that the assignment of the original lease from Sandwich Heaven to Tio Deli was void ab initio, ejectment of Tio Deli from the subject premises, and damages for unjust enrichment.
At a nonjury trial of this matter, the plaintiffs called several witnesses, including Awad. During his cross-examination, Awad fell ill, and was taken from the courthouse by ambulance. The Supreme Court announced to the attorneys that "[a]n ambulance has been called and there is no indication of whether [Awad] will be available in the future." The court then, sua sponte, determined that Awad was an unavailable witness, struck Awad's trial testimony from the record, and admitted Awad's deposition testimony into evidence in lieu of his trial testimony.
After the trial, the Supreme Court issued a judgment dated May 7, 2020, which, inter alia, declared that the 2015 Lease and its addendum were void ab initio. Tio Deli appeals.
CPLR 3117(a)(3)(iii) permits the reading of a witness's deposition at trial where the court finds "that the witness is unable to attend or testify because of age, sickness, infirmity, or imprisonment" (see Barnes v City of New York, 44 AD3d 39, 45-46). In exercising its discretion under CPLR 3117, "the trial court may not act arbitrarily or deprive a litigant of a full opportunity to present [its] case" (Feldsberg v Nitschke, 49 NY2d 636, 644).
Here, there is no information in the record regarding the nature of Awad's illness or the treatment he received, or whether he was hospitalized and for how long. Thus, the Supreme Court's sua sponte determination that Awad was unavailable to testify due to sickness or infirmity lacked support in the record, and the court improvidently exercised its discretion in determining that Awad's deposition testimony was admissible under CPLR 3117(a)(3)(iii) (see M.S. v County of Orange, 64 AD3d 560, 562; Barnes v City of New York, 44 AD3d at 46-47). Because Awad's testimony pertained directly to the central issue to be resolved at trial, the error was not harmless (see Williams v Ridge View Manor, LLC, 188 AD3d 1729, 1730; Billok v Union Carbide Corp., 170 AD3d 1388, 1390).
Accordingly, we reverse the judgment insofar as appealed from and remit the matter to the Supreme Court, Kings County for a new trial on the first cause of action.
In light of our determination, we do not reach Tio Deli's remaining contentions.
CONNOLLY, J.P., WOOTEN, ZAYAS and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court