Lewis v County of Westchester (2025 NY Slip Op 03055)

Lewis v County of Westchester

2025 NY Slip Op 03055

Decided on May 21, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2024-01432
 (Index No. 58069/21)

[*1]Venetta Lewis, respondent, 
v
County of Westchester, appellant, et al., defendants.

Darger Errante Yavitz & Blau LLP, New York, NY (Kelly A. Hodges of counsel), for appellant.
Herman Law, New York, NY (Jeffrey Herman, Stuart Mermelstein, Jesse Seiden, Vanessa A. Neal, and Kyle Schiedo of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant County of Westchester appeals from an order of the Supreme Court, Westchester County (Leonard D. Steinman, J.), dated January 11, 2024. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
In this action commenced pursuant to the Child Victims Act (see CPLR 214-g), the plaintiff alleged that the defendant County of Westchester negligently failed to prevent sexual abuse allegedly perpetrated upon her by her foster father between 1977 and 1983. The County moved for summary judgment dismissing the complaint insofar as asserted against it on the grounds, among others, that it did not owe a special duty to the plaintiff and did not have notice of the foster father's alleged propensity to engage in sexual abuse. In an order dated January 11, 2024, the Supreme Court denied the County's motion. The County appeals.
"[C]ounties and foster care agencies may be sued to recover damages for negligence in the selection of foster parents and in supervision of the foster home" (Keizer v SCO Family of Servs., 120 AD3d 475, 476; see Grabowski v Orange County, 219 AD3d 1314, 1315; George v Windham, 169 AD3d 876, 877). "[A] municipality that has assumed legal custody of a foster child, and which selects and supervises the foster parents of that child, necessarily owes a duty to the child 'more than that owed [to] the public generally'" (Adams v Suffolk County, 234 AD3d 1, 10, quoting Applewhite v Accuhealth, Inc., 21 NY3d 420, 426; see Weisbrod-Moore v Cayuga County, _____ NY3d _____, _____, 2025 NY Slip Op 00903, *4). "Therefore, a plaintiff alleging that a municipal foster care agency negligently selected or supervised the foster parents charged with caring for that plaintiff as a child need not plead or prove additional facts supporting a special relationship in order to satisfy the special duty rule" (Adams v Suffolk County, 234 AD3d at 11; see Weisbrod-Moore v Cayuga County, _____ NY3d at _____, 2025 NY Slip Op 00903, *4; Fitzgerald v Westchester County, 232 AD3d 771, 773).
Here, the County failed to demonstrate its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it on the ground that it did not owe a special duty to the plaintiff. It is undisputed that the County had legal custody of the plaintiff [*2]during her time in foster care. "By assuming custody of [the] plaintiff, and thus assuming the authority to control where and with whom [the] plaintiff lived, the County necessarily assumed a duty to [the plaintiff] beyond what is owed to the public generally" (Weisbrod-Moore v Cayuga County, _____ NY3d at _____, 2025 NY Slip Op 00903, *4; see Adams v Suffolk County, 234 AD3d 1). "Accordingly, the plaintiff was not required to plead or prove additional facts supporting a special relationship in order to satisfy the special duty rule" (Fitzgerald v Westchester County, 232 AD3d at 772; see Weisbrod-Moore v Cayuga County, _____ NY3d at _____, 2025 NY Slip Op 00903, *4; Adams v Suffolk County, 234 AD3d 1).
"In order to find that a child care agency breached its duty to adequately supervise the children entrusted to its care, a plaintiff must establish that the agency had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated" (Grabowski v Orange County, 219 AD3d at 1315 [internal quotation marks omitted]; see Lopez v City of New York, 172 AD3d 703, 705). "Where the complaint alleges negligent supervision due to injuries related to an individual's intentional acts, the plaintiff generally must allege that the entity knew or should have known of the individual's propensity to engage in such conduct, such that the individual's acts could be anticipated or were foreseeable" (Kwitko v Camp Shane, Inc., 224 AD3d 895, 896 [alteration and internal quotation marks omitted]; see Mirand v City of New York, 84 NY2d 44, 49).
Here, the County failed to establish, prima facie, that it lacked notice of the foster father's alleged abusive propensities and conduct (see Adams v Suffolk County, 234 AD3d 1; Fitzgerald v Westchester County, 232 AD3d at 773; Kwitko v Camp Shane, Inc., 224 AD3d at 896). Since the County failed to meet its prima facie burden, the Supreme Court properly denied its motion for summary judgment dismissing the complaint insofar as asserted against it, without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
CONNOLLY, J.P., CHRISTOPHER, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court