Conklin v Westchester County (2025 NY Slip Op 03705)

Conklin v Westchester County

2025 NY Slip Op 03705

Decided on June 18, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 18, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2024-01018
 (Index No. 61069/21)

[*1]Dennis Conklin, respondent, 
v
Westchester County, appellant, et al., defendants.

Darger Errante Yavitz & Blau, LLP, New York, NY (Kelly A. Hodges of counsel), for appellant.
Herman Law, New York, NY (Stuart S. Mermelstein, Cynthia Constantino, Vanessa Neal, and Emily Dolgin of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for negligence, the defendant Westchester County appeals from an order of the Supreme Court, Westchester County (Leonard D. Steinman, J.), dated November 20, 2023. The order, insofar as appealed from, denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In August 2021, the plaintiff commenced this action pursuant to the Child Victims Act (see CPLR 214-g) to recover damages for negligence. The plaintiff alleged that, starting in the 1960s, he was a foster child in the legal custody of the defendant Westchester County, which placed him at a residential facility where he was repeatedly sexually abused by a staff member of the facility, and that the County knew or should have known of the abuse and negligently failed to prevent it.
In April 2023, the County moved for summary judgment dismissing the complaint insofar as asserted against it. In an order dated November 20, 2023, the Supreme Court, inter alia, denied the County's motion. The County appeals.
"'[C]ounties and foster care agencies may be sued to recover damages for negligence in the selection of foster parents and in supervision of the foster home'" (Adams v Suffolk County, 234 AD3d 1, 17, quoting Keizer v SCO Family of Servs., 120 AD3d 475, 476). "'In order to establish its prima facie entitlement to judgment as a matter of law dismissing [a cause of action] alleg[ing] that it engaged in negligent placement and supervision' of a plaintiff foster child, a defendant must 'establish, prima facie, that it did not have sufficiently specific knowledge or notice of the alleged dangerous conduct which caused the [plaintiff's] injuries. In other words, the [defendant must] show that the third-party acts could not have been reasonably anticipated'" (id. at 18, quoting Keizer v SCO Family of Servs., 120 AD3d at 476-477). "'[A] moving defendant does not establish its prima facie entitlement to judgment as a matter of law by merely pointing to gaps in the plaintiff's case. The moving defendant must affirmatively demonstrate the merit of its claim or defense'" (Cooper v First In Queens, Inc., 229 AD3d 761, 763, quoting UB Distribs., LLC v S.K.I. [*2]Wholesale Beer Corp., 161 AD3d 1027, 1028).
Here, the County failed to establish, prima facie, that it lacked actual or constructive notice of the alleged conduct that resulted in the plaintiff's injuries or that it otherwise adequately selected or supervised the plaintiff's foster care placement (see Brown v Westchester County, 234 AD3d 812, 814; Fitzgerald v Westchester County, 232 AD3d 771, 773; D.D. v Westchester County, 232 AD3d 761, 763). Contrary to the County's contention, the plaintiff, who alleged that he was in the County's custody at the time of the alleged abuse, was not required to plead or prove additional facts supporting a special relationship in order to satisfy the special duty rule (see Weisbrod-Moore v Cayuga County, _____ NY3d _____, _____, 2025 NY Slip Op 00903, *3; Adams v Suffolk County, 234 AD3d at 11).
Accordingly, the Supreme Court properly denied the County's motion for summary judgment dismissing the complaint insofar as asserted against it, without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
LASALLE, P.J., DILLON, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court