A.S. v Nassau County (2025 NY Slip Op 04497)

A.S. v Nassau County

2025 NY Slip Op 04497

Decided on July 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
PHILLIP HOM, JJ.

2024-02992
 (Index No. 900158/20)

[*1]A.S., respondent, 
v
Nassau County, appellant, et al., defendants.

Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Judy C. Selmeci of counsel), for appellant.
Herman Law, New York, NY (Jeffrey Herman, Stuart S. Mermelstein, Jesse Seiden, Vanessa A. Neal, and Kyle Schiedo of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Nassau County appeals from an order of the Supreme Court, Nassau County (Leonard D. Steinman, J.), dated January 5, 2024. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
In this action commenced pursuant to the Child Victims Act (see CPLR 214-g), the plaintiff alleges, inter alia, that the defendant Nassau County (hereinafter the defendant) negligently failed to prevent sexual abuse perpetrated upon the plaintiff between 1993 and 2000 by a relative living in the plaintiff's foster home. The defendant moved for summary judgment dismissing the complaint insofar as asserted against it on the ground, among others, that it did not owe a special duty to the plaintiff. In an order dated January 5, 2024, the Supreme Court denied the motion. The defendant appeals.
"Counties and foster care agencies cannot be vicariously liable for the negligent acts of foster parents, but may be sued to recover damages for negligence in the selection of foster parents and in supervision of the foster home" (D.D. v Westchester County, 232 AD3d 761, 762 [internal quotation marks omitted]; see Keizer v SCO Family of Servs., 120 AD3d 475, 476). "'When a negligence claim is asserted against a municipality, the first issue for a court to decide is whether the municipal entity was engaged in a proprietary function or acted in a governmental capacity at the time the claim arose'" (Fitzgerald v Westchester County, 232 AD3d 771, 772 [internal quotation marks omitted], quoting Marino v City of New York, 223 AD3d 888, 889). Here, the defendant was acting in a governmental capacity when it took legal custody of the plaintiff and placed him with a foster family (see P.D. v County of Suffolk, 231 AD3d 1, 7; Kochanski v City of New York, 76 AD3d 1050, 1052).
Ordinarily, "[w]here a municipality was acting in a governmental capacity, the plaintiff must prove the existence of a special duty as an element of his or her negligence cause of action" by demonstrating that "(1) the plaintiff belonged to a class for whose benefit a statute was enacted; (2) the government entity voluntarily assumed a duty to the plaintiff beyond what was owed to the public generally; or (3) the municipality took positive control of a known and dangerous safety condition" (Fitzgerald v Westchester County, 232 AD3d at 772 [internal quotation marks omitted]; see Adams v Suffolk County, 234 AD3d 1, 6). However, it is settled [*2]that "a municipality owes a duty to a foster child over whom it has assumed legal custody to guard the child from foreseeable risks of harm arising from the child's placement with the municipality's choice of foster parent" (Weisbrod-Moore v Cayuga County, ___ NY3d ___, ___, 2025 NY Slip Op 00903, *2 [internal quotation marks omitted]). "It is unnecessary for the child to plead or prove that one of the three special duty categories applies" (id.).
In the present case, the defendant failed to establish its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it on the ground that it did not owe a special duty to the plaintiff. By taking legal custody of the plaintiff, the defendant assumed a special duty to the plaintiff that differed from what was owed to the public generally (see id. at *3; Adams v Suffolk County, 234 AD3d at 10), and the plaintiff was not required to plead or prove that one of the three special duty categories applies (see Weisbrod-Moore v Cayuga County, ___ NY3d at ___, 2025 NY Slip Op 00903, *3; Fitzgerald v Westchester County, 232 AD3d at 772).
The defendant's contention regarding its entitlement to discretionary immunity is improperly raised for the first time in its reply brief. In any event, even if this contention were properly before this Court, it is without merit. "[A] municipality acting in a discretionary governmental capacity may rely on the governmental function immunity defense, an affirmative defense that must be pleaded and proved by the municipality" (Ferreira v City of Binghamton, 38 NY3d 298, 311 [internal quotation marks omitted]; see McLean v City of New York, 12 NY3d 194, 199-203). "However, 'the governmental function immunity defense cannot attach unless the municipal defendant establishes that the discretion possessed by its employees was in fact exercised in relation to the conduct on which liability is predicated'" (Adams v Suffolk County, 234 AD3d at 16-17, quoting Valdez v City of New York, 18 NY3d 69, 76). Here, even if the acts at issue could potentially be considered discretionary, the defendant "'failed to demonstrate that the alleged discretion was in fact exercised in relation to the conduct on which liability is predicated'" (id. at 17 [alteration omitted], quoting P.D. v County of Suffolk, 231 AD3d at 10).
IANNACCI, J.P., FORD, DOWLING and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court