M.W. v Nassau County (2025 NY Slip Op 05550)

M.W. v Nassau County

2025 NY Slip Op 05550

Decided on October 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LILLIAN WAN
JAMES P. MCCORMACK, JJ.

2024-06259
 (Index No. 900199/21)

[*1]M.W., appellant, 
v
Nassau County, respondent, et al., defendants.

Herman Law, New York, NY (Stuart S. Mermelstein, Vanessa A. Neal, and Lauren Pennisi of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Patrick J. Lawless of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Leonard D. Steinman, J.), dated July 10, 2024. The order granted the motion of the defendant Nassau County for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Nassau County for summary judgment dismissing the complaint insofar as asserted against it is denied.
In this action commenced pursuant to the Child Victims Act (see CPLR 214-g), the plaintiff alleged that the defendant Nassau County negligently failed to prevent sexual abuse allegedly perpetrated upon her by her foster father in the late 1970s. The cause of action against the County alleged negligent placement and supervision of the plaintiff in the foster home.
The County moved for summary judgment dismissing the complaint insofar as asserted against it, contending, inter alia, that it was entitled to governmental function immunity and qualified immunity pursuant to Social Services Law § 419. In an order dated July 10, 2024, the Supreme Court granted the County's motion on the ground that it was entitled to governmental function immunity. The plaintiff appeals.
"The governmental function immunity defense provides immunity for the exercise of discretionary authority during the performance of a governmental function" (Ferreira v City of Binghamton, 38 NY3d 298, 311 [internal quotation marks omitted]; see Adams v Suffolk County, 234 AD3d 1, 16). "[T]he governmental function immunity defense cannot attach unless the municipal defendant establishes that the discretion possessed by its employees was in fact exercised in relation to the conduct on which liability is predicated" (Valdez v City of New York, 18 NY3d 69, 76; see Adams v Suffolk County, 234 AD3d at 16-17).
Here, the County failed to establish, prima facie, that the relevant acts of the County's employees relating to the alleged negligent supervision of the plaintiff's foster care placement were discretionary and thus entitled to immunity (see Adams v Suffolk County, 234 AD3d at 17; M.S. v [*2]County of Orange, 64 AD3d 560, 562; Barnes v County of Nassau, 108 AD2d 50, 54). Moreover, even if the acts at issue could potentially be considered discretionary, the County failed to demonstrate that the alleged discretion was in fact exercised in relation to the conduct on which liability is predicated (see A.S. v Nassau County, 240 AD3d 920, 922; Adams v Suffolk County, 234 AD3d 1, 17).
The County contends, as an alternative ground for affirmance (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545-546), that it was entitled to summary judgment dismissing the complaint insofar as asserted against it because it was immune from liability pursuant to Social Services Law § 419. Contrary to the County's contention, it "was not entitled to qualified immunity pursuant to Social Services Law § 419, as qualified immunity does not bar recovery for the negligent supervision of children in foster care" (Grabowski v Orange County, 219 AD3d 1314, 1315; see Sean M. v City of New York, 20 AD3d 146, 158; Liang v Rosedale Group Home, 19 AD3d 654, 655).
On appeal, the County does not advance lack of notice of the foster father's alleged conduct as an alternative ground for affirmance (see Clarke v Town of Newburgh, 237 AD3d 14, 40; Stewart v Berger, 137 AD3d 1103, 1105).
Since the County failed to meet its prima facie burden of establishing its entitlement to judgment as a matter of law, the Supreme Court should have denied the County's motion for summary judgment dismissing the complaint insofar as asserted against it without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DILLON, J.P., CHAMBERS, WAN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court