Lemorrocco v Westchester County (2025 NY Slip Op 05803)

Lemorrocco v Westchester County

2025 NY Slip Op 05803

Decided on October 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BARRY E. WARHIT
CARL J. LANDICINO
PHILLIP HOM, JJ.

2024-05309
 (Index No. 58440/21)

[*1]Rose Lemorrocco, respondent, 
v
Westchester County, appellant, et al., defendants.

Hodges Walsh & Burke, LLP, White Plains, NY (Kelly A. Hodges of counsel), for appellant.
Herman Law, New York, NY (Jeffrey Herman, Stuart Mermelstein, Jesse Seiden, and Emily Dolgin of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Westchester County appeals from an order of the Supreme Court, Westchester County (Alexandra D. Murphy, J.), dated March 12, 2024. The order denied the motion of the defendant Westchester County for summary judgment dismissing the amended complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
In this action commenced pursuant to the Child Victims Act (see CPLR 214-g), the plaintiff alleged, inter alia, that the defendant Westchester County negligently failed to prevent sexual abuse perpetrated upon the plaintiff by her foster father in or about 1970. The County moved for summary judgment dismissing the amended complaint insofar as asserted against it on the grounds, among others, that it did not owe a special duty to the plaintiff and did not have actual or constructive notice of the foster father's alleged propensity to engage in sexual abuse. In an order dated March 12, 2024, the Supreme Court denied the motion. The County appeals.
"[C]ounties and foster care agencies may be sued to recover damages for negligence in the selection of foster parents and in supervision of the foster home" (Keizer v SCO Family of Servs., 120 AD3d 475, 476; see Grabowski v Orange County, 219 AD3d 1314, 1315). "[A] municipality that has assumed legal custody of a foster child, and which selects and supervises the foster parents of that child, necessarily owes a duty to the child 'more than that owed [to] the public generally'" (Adams v Suffolk County, 234 AD3d 1, 10, quoting Applewhite v Accuhealth, Inc., 21 NY3d 420, 426; see Weisbrod-Moore v Cayuga County, _____ NY3d _____, 2025 NY Slip Op 00903, *4). "Therefore, a plaintiff alleging that a municipal foster care agency negligently selected or supervised the foster parents charged with caring for that plaintiff as a child need not plead or prove additional facts supporting a special relationship in order to satisfy the special duty rule" (Adams v Suffolk County, 234 AD3d at 11; see Weisbrod-Moore v Cayuga County, _____ NY3d at _____, 2025 NY Slip Op 00903, *4).
Here, the County failed to demonstrate its prima facie entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted against it on the ground that it [*2]did not owe a special duty to the plaintiff. It is undisputed that the County had legal custody of the plaintiff during her time in foster care. "'By assuming custody of [the] plaintiff, and thus assuming the authority to control where and with whom [the] plaintiff lived, the County necessarily assumed a duty to [the plaintiff] beyond what is owed to the public generally'" (Lewis v County of Westchester, 238 AD3d 1019, 1021, quoting Weisbrod-Moore v Cayuga County, _____ NY3d at _____, 2025 NY Slip Op 00903, *4; see Adams v Suffolk County, 234 AD3d at 5). "'Accordingly, the plaintiff was not required to plead or prove additional facts supporting a special relationship in order to satisfy the special duty rule'" (Lewis v County of Westchester, 238 AD3d at 1021, quoting Fitzgerald v Westchester County, 232 AD3d 771, 772; see Weisbrod-Moore v Cayuga County, _____ NY3d at _____, 2025 NY Slip Op 00903, *4).
"In order to establish its prima facie entitlement to judgment as a matter of law dismissing [a cause of action] alleg[ing] that it engaged in negligent placement and supervision of a plaintiff foster child, a defendant must establish, prima facie, that it did not have sufficiently specific knowledge or notice of the alleged dangerous conduct which caused the [plaintiff's] injuries. In other words, the [defendant must] show that the third-party acts could not have been reasonably anticipated" (Conklin v Westchester County, 239 AD3d 826, 827 [internal quotation marks omitted]; see Adams v Suffolk County, 234 AD3d at 18). "'[A] moving defendant does not establish its prima facie entitlement to judgment as a matter of law by merely pointing to gaps in the plaintiff's case. The moving defendant must affirmatively demonstrate the merit of its claim or defense'" (Conklin v Westchester County, 239 AD3d at 827, quoting Cooper v First in Queens, Inc., 299 AD3d 761, 763).
Here, the County failed to establish, prima facie, that it lacked actual or constructive notice of the foster father's alleged abusive propensities and conduct (see Lewis v County of Westchester, 238 AD3d at 1021; Brown v Westchester County, 234 AD3d 812, 815; Fitzgerald v Westchester County, 232 AD3d at 773).
The County's remaining contention is without merit.
Accordingly, the Supreme Court properly denied the County's motion for summary judgment dismissing the amended complaint insofar as asserted against it, without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DILLON, J.P., WARHIT, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court