■ CHRISTOPHER LA FOUNTAIN, an Infant, by LILLIAN LA FOUNTAIN, Individually and as Parent and Guardian, Respondent, v COUNTY OF CLINTON, Appellant. [654 NYS2d 870] —Mikoll, J. Appeal from an order of the Supreme Court (Dawson, J.), entered January 10, 1996 in Clinton County, which partially denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff Christopher La Fountain (hereinafter plaintiff), a 15-month-old infant, was placed in the care of foster parents, Roger Garrand and Evelyn Garrand. On October 20, 1986, plaintiff was burned seriously when he came in contact with a pile of smoldering leaves. Plaintiff and his mother, plaintiff Lillian La Fountain sued defendant alleging (1) that defendant was vicariously liable for the negligence of the Garrands, and (2) that defendant was itself negligent in certifying the Garrands for foster care, in failing to provide additional training to the Garrands when the number of children in their care was increased, and in failing to specifically instruct the Garrands on the hazard of an open fire.

Supreme Court dismissed the claims against defendant based upon vicarious liability as well as the derivative claim of the mother whose parental rights were terminated by order of Family Court of Clinton County. Supreme Court denied summary judgment to defendant on the negligence cause of action. Defendant appeals.

We would modify and grant summary judgment to defendant dismissing plaintiffs' negligence cause of action. The burden rests upon plaintiffs to demonstrate a breach of duty

owed to plaintiff by defendant that proximately caused plaintiff's injuries (*see generally, Akins v Glens Falls City School Dist.*, 53 NY2d 325). Defendant had a duty of care in the selection and supervision of foster parents (*see, Blanca C. v County of Nassau*, 103 AD2d 524, 529-533, *affd* 65 NY2d 712; *Bartels v County of Westchester*, 76 AD2d 517, 523).

Defendant has supported its motion for summary judgment by proof, uncontroverted in the record, that the Garrands have been foster parents for 20 years; that they were recertified as such in May 1986 by the State; that defendant conducted a revisit of the home for purposes of recertification prior thereto; that the Garrands were examined by physicians as to their medical and mental competence; that they participated in a fire safety training course on June 13, 1986 and that a fire safety check of their home was done in 1986 by defendant preceding the incident.

We thus conclude that plaintiffs have failed as a matter of law to state a cause of action for negligence based upon defendant's selection, certification and supervision of the Garrands as foster parents. Given the obvious hazard presented by smoldering leaves, defendant cannot be held liable for injuries exclusively attributed to the negligent acts of the Garrands.

Cardona, P. J., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as partially denied the motion regarding the negligence cause of action in the complaint; motion granted to that extent, partial summary judgment awarded to defendant and said cause of action dismissed; and, as so modified, affirmed.