■ LAVERN SIMPSON et al., Respondents, v COUNTY OF DUTCHESS et al., Appellants, and LANISHA BUSBY et al., Respondents. [826 NYS2d 678]—

In an action to recover damages for personal injuries, etc., the defendants County of Dutchess and the Dutchess County Department of Social Services appeal from an order of the Supreme Court, Dutchess County (Dolan, J.), dated September 14, 2005, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with one bill of costs, and the motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against the appellants is granted.

On March 23, 2002 the infant plaintiff was placed in the home of Janie Busby, a foster parent certified by the Dutchess County Department of Social Services (hereinafter DSS). Also residing in the foster home was Lanisha Busby, the foster mother's adult daughter. On May 20, 2002 the infant plaintiff experienced trouble breathing, and was taken to the hospital where he was diagnosed with a subdural hematoma, bilateral retinal bleeding, and four leg fractures. Lanisha Busby was later charged with assault and endangering the welfare of a child. The infant plaintiff and his parents then commenced this action against the County of Dutchess and DSS (hereinafter the County defendants), Janie Busby, and Lanisha Busby to recover damages, inter alia, for negligent supervision. After depositions were conducted, the County defendants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The Supreme Court denied the motion, concluding that there was a triable issue of fact as to whether the County defendants were negligent in selecting and supervising the foster home placement. We reverse.

In order to find that a child care agency breached its duty to adequately supervise the children entrusted to its care, a plaintiff must establish that the agency "had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *see Liang v Rosedale Group Home*, 19 AD3d 654, 655 [2005]; *Whitfield v Board of Educ. of City of Mount Vernon*, 14 AD3d 552 [2005]).

Here, the County defendants established that Janie Busby was a foster mother for more than 20 years and had previously adopted two children. Further, the County defendants conducted a background check of Lanisha Busby which revealed that she had neither a prior criminal history nor any indicated history of child abuse or neglect (*see* Social Services Law § 378-a; 18 NYCRR 443.2 [b] [4]-[6]; 443.8). DSS observed the infant plaintiff on May 6, 8, 9, and 14 of 2002 and found no indications of maltreatment. Thus, the County defendants sustained their initial burden of demonstrating that the assault upon the infant plaintiff purportedly committed by Lanisha Busby was not foreseeable (*see Liang v Rosedale Group Home, supra*; *Whitfield v Board of Educ. of City of Mount Vernon, supra*). In opposition, the plaintiffs failed to raise a triable issue of fact (*see e.g. Bird v Port Byron Cent. School Dist.*, 286 AD2d 938 [2001]). Even assuming that DSS was informed of a scratch on the infant plaintiff's face approximately two weeks prior to the instant injury, this was insufficient to raise a triable issue of fact as to whether the County defendants had actual or constructive notice that Lanisha Busby had engaged in conduct which would make a violent assault upon the infant plaintiff foreseeable. Accordingly, the motion of the County defendants for summary judgment dismissing the complaint and all cross claims insofar as asserted against them should have been granted.

The plaintiffs' remaining contentions are without merit. Miller, J.P., Spolzino, Fisher and Dillon, JJ., concur.