Lopez v City of New York (2019 NY Slip Op 03329)





Lopez v City of New York


2019 NY Slip Op 03329


Decided on May 1, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2016-09536
 (Index No. 32466/08)

[*1]Angelo Lopez, etc., et al., respondents, 
v
City of New York, et al., appellants, et al., defendant.


Rutherford & Christie, LLP, New York, NY (Meredith Renquin of counsel), for appellants.
Regina L. Darby, New York, NY (Jaclyn L. Dar Conte and John DeMaio of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants City of New York, New York City Administration for Children's Services, and Little Flower Children and Family Services of New York appeal from an order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated June 17, 2016. The order denied the motion of those defendants for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendants City of New York, New York City Administration for Children's Services, and Little Flower Children and Family Services of New York for summary judgment dismissing the complaint insofar as asserted against them is granted.
The plaintiff Tasneem Basit (hereinafter the mother) is the biological mother of the infant plaintiff (hereinafter the infant), who was two years old in September 2007, and of Anthony Turner, who was 14 years old in September 2007. On the evening of September 1, 2007, the mother was arrested for assaulting Turner with a cord and a metal spoon. That night, the infant and Turner were removed from the mother's home and taken to Woodhull Hospital for examination. A caseworker from the defendant New York City Administration for Children's Services (hereinafter ACS) spoke to the examining physician at Woodhull, who told the caseworker that Turner said that the mother and the infant's biological father had physically abused him. The physician also told the caseworker that the dispute between the mother and Turner arose when the mother accused Turner of masturbating while the infant was present in the room. Although Turner had not known that the infant was watching, the mother had nevertheless accused Turner of "molesting" the infant. The physician also told the caseworker that the infant "was found to be injury free" and that his "genitals were . . . observed and there were no visible signs of trauma."
On September 4, 2007, ACS commenced two child protective proceedings pursuant to Family Court Act article 10 against the mother and the infant's biological father. ACS alleged that the mother and the infant's biological father abused Turner and derivatively abused or neglected the infant. ACS's progress notes indicated that the mother was interviewed by an ACS caseworker that same day. According to the progress notes, the mother stated that she had observed Turner [*2]"humping the floor." She had also observed the infant display "peculiar behavior," including his imitating Turner by also "humping the floor." Further, the mother told the caseworker that the infant "has been walking around the house trying to strip his pamper off and trying to insert his finger in his rectum." The mother told the caseworker that Turner denied any "inappropriate behavior" with the infant when she asked Turner why the infant was trying to insert his finger in his rectum.
On September 5, 2007, the infant and Turner were placed in the foster home of the defendant Deborah Murray, a foster parent certified by the defendant Little Flower Children and Family Services of New York (hereinafter Little Flower). On September 6, 2007, the infant was removed from Murray's home and placed in another foster home. An ACS memorandum dated September 7, 2007, indicated that the mother had called ACS on September 6, 2007, to request that the infant and Turner be placed in separate foster homes based on her belief that Turner had sexually molested the infant. Upon the infant's removal from Murray's home, an ACS caseworker observed that the infant's "left eye was bruised and he had scratches on his forehead and cheeks." The infant was examined by a Little Flower nurse on September 10, 2007. The examination report indicated that the infant had "[left] eye orbit discoloration." There were "no abnormalities in the infant's rectal area."
In this action, which was commenced in December 2008, the infant, by the mother, and the mother suing derivatively, allege, among other things, that the defendants City of New York, ACS, and Little Flower (hereinafter collectively the defendants) negligently placed the infant in the same foster home as Turner, thereby "permitting the infant . . . to be physically abused, tormented, tortured, traumatized and maltreated by . . . Turner." Following the completion of discovery, the defendants moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court denied the motion, and the defendants appeal.
"In order to find that a child care agency breached its duty to adequately supervise the children entrusted to its care, a plaintiff must establish that the agency had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated'" (Simpson v County of Dutchess, 35 AD3d 712, 713, quoting Mirand v City of New York, 84 NY2d 44, 49). Here, the defendants sustained their initial burden of demonstrating, prima facie, that they did not have sufficiently specific knowledge or notice of any prior conduct by Turner that would have made his alleged injurious conduct toward the infant in Murray's home foreseeable (see Brandy B. v Eden Cent. School Dist., 15 NY3d 297, 302-303; Simpson v County of Dutchess, 35 AD3d at 713; Liang v Rosedale Group Home, 19 AD3d 654, 655-656). In opposition, the plaintiffs failed to raise a triable issue of fact (see Brandy B. v Eden Cent. School Dist., 15 NY3d at 302-303; Simpson v County of Dutchess, 35 AD3d at 713). The information allegedly provided by the mother on September 4, 2007, was not sufficient to put the defendants on notice of the foreseeability of the allegedly injurious conduct by Turner between the time of the mother's report and the time the infant was removed from the same foster home into which Turner had been placed. Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them (see Simpson v County of Dutchess, 35 AD3d at 713; Liang v Rosedale Group Home, 19 AD3d at 655-656).
BALKIN, J.P., AUSTIN, ROMAN and CONNOLLY, JJ., concur.

2016-09536 DECISION & ORDER ON MOTION
Angelo Lopez, etc., et al., respondents, v City of New
York, et al., appellants, et al., defendant.
(Index No. 32466/08)

Motion by the appellants, inter alia, to strike the respondents' brief or stated portions of the brief on an appeal from an order of the Supreme Court, Kings County, dated June 17, 2016, on the ground that those portions of the brief improperly raise issues for the first time on appeal. By decision and order on motion of this Court dated July 20, 2017, that branch of the motion which is to strike the respondents' brief or stated portions of the brief was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the branch of the motion which is to strike the respondents' brief or stated portions of the brief is denied.
BALKIN, J.P., AUSTIN, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court