Chmielewski v State of New York (2023 NY Slip Op 03649)

Chmielewski v State of New York

2023 NY Slip Op 03649

Decided on June 30, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, BANNISTER, AND OGDEN, JJ.

545 CA 22-00718

[*1]MATTHEW CHMIELEWSKI, CLAIMANT-RESPONDENT,
v
STATE OF NEW YORK, DEFENDANT-APPELLANT. (CLAIM NO. 136833.) 

LETITIA JAMES, ATTORNEY GENERAL, ALBANY (KATHLEEN M. TREASURE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
 

 Appeal from an order of the Court of Claims (J. David Sampson, J.), entered March 31, 2022. The order denied the motion of defendant to dismiss the claim. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Claimant commenced this claim pursuant to the Child Victims Act (CVA) (see CPLR 214-g) seeking, inter alia, to recover damages based on allegations that, in 1962, claimant was a minor and in foster care when defendant's negligence resulted in claimant being sexually abused by a priest employed by the foster care home in which defendant had placed claimant. Claimant further alleged that, prior to the date of the incident, defendant knew or should have known that the priest had a propensity to sexually abuse children. Defendant moved to dismiss the claim on, inter alia, the ground that the claim failed to comply with the requirements of Court of Claims Act § 11 (b) because the claim failed to state the "time when" the claim arose and failed to state the "nature" of the claim. The Court of Claims denied the motion and defendant now appeals. We affirm.
"[B]ecause suits against the State are allowed only by the State's waiver of sovereign immunity and in derogation of the common law, statutory requirements conditioning suit must be strictly construed" (Lepkowski v State of New York, 1 NY3d 201, 206-207 [2003] [internal quotation marks omitted]; see Kolnacki v State of New York, 8 NY3d 277, 280 [2007], rearg denied 8 NY3d 994 [2007]). The Court of Claims Act "places five specific substantive conditions upon the State's waiver of sovereign immunity by requiring the claim to specify (1) 'the nature of [the claim]'; (2) 'the time when' it arose; (3) the 'place where' it arose; (4) 'the items of damage or injuries claimed to have been sustained'; and (5) 'the total sum claimed' " (Lepkowski, 1 NY3d at 207, quoting Court of Claims Act § 11 [b]; see Davis v State of New York, 64 AD3d 1197, 1197 [4th Dept 2009], lv denied 13 NY3d 717 [2010]). "[A]bsolute exactness" is not required, but the information alleged must be " 'made with sufficient definiteness to enable [defendant] to be able to investigate the claim promptly and to ascertain its liability under the circumstances' " (Deep v State of New York, 56 AD3d 1260, 1260 [4th Dept 2008]). "The failure to satisfy any of the conditions [set forth in Court of Claims Act § 11 (b)] is a jurisdictional defect" (Kolnacki, 8 NY3d at 281; see Lepkowski, 1 NY3d at 209).
Contrary to defendant's contention, the allegations in the claim sufficiently stated "the nature of [the claim]" (Court of Claims Act
§ 11 [b]). The claim includes allegations that defendant was responsible for providing for the protection, safety and well-being of children in its care that it placed in foster care homes, including a responsibility to use reasonable care in the investigation, licensing, supervision and monitoring of foster care homes where they placed children, that the alleged perpetrator of the [*2]sexual abuse of claimant was a "priest, counselor, representative, servant, or employee" of the foster care home in which defendant had placed claimant, that the sexual abuse of claimant occurred during the perpetrator's supervision of an outing at a park for the foster care children, and that defendant had actual and/or constructive notice of the sexual abuse. Claimant also alleged that claimant's injuries "arose as a result of the defendant's negligence, negligent hiring, retention, supervision, and/or direction," which "allow[ed] an environment to develop that placed vulnerable at-risk infants in situations where they were exposed to sexual abuse" while they were under the supervision and care of defendant. We conclude that those allegations are sufficient to provide defendant with "an indication of the manner in which . . . claimant was injured and how [defendant] was negligent" (Rodriguez v State of New York, 8 AD3d 647, 647 [2d Dept 2004]), and thus "defendant cannot reasonably assert that it is unaware of 'the nature of [the claim]' " (Martinez v State of New York, 215 AD3d 815, 818 [2d Dept 2023]; see generally Donahue v State of New York, 174 AD3d 1549, 1549 [4th Dept 2019]).
Contrary to defendant's further contention, under the circumstances of this case, the allegations in the claim are sufficient to satisfy the "time when" requirement of Court of Claims Act § 11 (b). "The determination whether a claimant's statement of the 'time when' the claim arose is sufficiently definite to enable the State to investigate and ascertain its liability under the circumstances is a sui generis determination depending upon the nature of the claim and specificity of allegations set forth in the claim" (Fenton v State of New York, 213 AD3d 737, 739 [2d Dept 2023]). Here, claimant alleges that the claim "accrued on or about and in between" the year 1962. Given that the claim was brought under the CVA, which revived for statute of limitations purposes certain civil claims relating to sexual abuse that may have occurred some decades ago, and that the alleged sexual abuse alleged in this case occurred more than 60 years ago, when claimant was a child, we conclude that the one-year time frame alleged in the claim is sufficient (see Wagner v State of New York, 214 AD3d 930, 931-932 [2d Dept 2023]; Fenton, 213 AD3d at 740-741).
Entered: June 30, 2023
Ann Dillon Flynn
Clerk of the Court