Easterbrooks v Schenectady County (2023 NY Slip Op 03889)

Easterbrooks v Schenectady County

2023 NY Slip Op 03889

Decided on July 20, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 20, 2023

534798 
[*1]Michael Easterbrooks, Plaintiff,
v
Schenectady County et al., Defendants, and Warren County et al., Appellants.

Calendar Date:June 7, 2023

Before:Clark, J.P., Pritzker, Reynolds Fitzgerald and Fisher, JJ. 

Lawrence Elmen, County Attorney, Lake George, for appellants.

Clark, J.P.
Appeal from an order of the Supreme Court (L. Michael Mackey, J.), entered November 30, 2021 in Albany County, which denied a motion by defendants Warren County and Warren County Department of Social Services to dismiss the complaint against them.
In August 2021, plaintiff commenced the instant action under the Child Victims Act (see L 2019, ch 11) against defendants Warren County and Warren County Department of Social Services (hereinafter collectively referred to as the Warren County defendants), as well as against the counties of Schenectady, Cayuga and Albany, their respective Departments of Social Services and certain non-municipal foster care agencies. Plaintiff alleged that he entered foster care in approximately 1970 as a five-year-old child, and that, in the decade that followed, he was sexually abused at three different foster care placements. Plaintiff asserted that, despite knowing about said abuse, the Warren County defendants and the other counties (hereinafter collectively referred to as the municipal defendants) failed to protect him and, as a result, their conduct constituted negligence, negligence in hiring, retention, supervision and/or direction and a breach of their statutory duty under Social Services Law §§ 413 and 420 to report sexual abuse. Plaintiff sought compensatory and punitive damages. As relevant to this appeal, the Warren County defendants filed a pre-answer motion to dismiss for failure to state a cause of action, which motion plaintiff opposed. Supreme Court denied the motion, and the Warren County defendants appeal.
"When assessing a motion to dismiss for failure to state a cause of action, this Court affords the complaint a liberal construction, accepts the facts alleged as true, accords the plaintiff the benefit of every favorable inference and determines only whether the alleged facts fit within any cognizable legal theory" (Cincinnati Ins. Co. v Emerson Climate Tech., Inc., 215 AD3d 1098, 1100 [3d Dept 2023] [internal quotation marks, brackets and citations omitted]; see CPLR 3211 [a] [7]; Gagnon v Village of Cooperstown, N.Y., 189 AD3d 1724, 1725 [3d Dept 2020]). "However, the favorable treatment accorded to a plaintiff's complaint is not limitless and, as such, conclusory allegations — claims consisting of bare legal conclusions with no factual specificity — are insufficient to survive a motion to dismiss" (F.F. v State of New York, 194 AD3d 80, 83-84 [3d Dept 2021] [internal quotation marks and citations omitted], appeal dismissed & lv denied 37 NY3d 1040 [2021], cert denied ___US___, 142 S Ct 2738 [2022]; see Godfrey v Spano, 13 NY3d 358, 373 [2009]). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005]; see Sim v Farley Equip. Co. LLC, 138 AD3d 1228, 1229 [3d Dept 2016]).
To establish a claim sounding in negligence, a plaintiff must prove that a defendant owed a legally [*2]recognized duty to the plaintiff, that the defendant breached that duty and that such breach was a proximate cause of an injury suffered by the plaintiff (see Herling v Callicoon Resort Lodges, Inc., 214 AD3d 1192, 1193 [3d Dept 2023]; Reese v Raymond Corp., 202 AD3d 1304, 1307 [3d Dept 2022]). "A governmental foster care agency is under a duty to adequately supervise the children in its charge and will be held liable for foreseeable injuries proximately related to the absence of adequate supervision.
. . . In order to find that a foster care agency has breached its duty to adequately supervise the children entrusted to its care, a plaintiff must establish that the agency had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts by the foster parents could reasonably have been anticipated" (Grant v Temple, 216 AD3d 1351, 1352-1353 [3d Dept 2023] [internal quotation marks, brackets and citations omitted]; see Ernest L. v Charlton School, 30 AD3d 649, 650 [3d Dept 2006]).
The Warren County defendants argue on appeal that plaintiff failed to allege that they owed him any duty and, as such, Supreme Court erred in denying their motion to dismiss. Regarding the allegations of incidents in Cayuga County and Albany County, we disagree.[FN1] The complaint alleges that, in approximately 1970, when plaintiff was five years old, he entered the care of the municipal defendants and was placed in foster care.[FN2] According to the complaint, plaintiff was placed in Cayuga County, where he was sexually abused by the house parent on several occasions and, despite reporting the abuse to employees of the municipal defendants and of the non-municipal foster agency in charge of that placement, nothing was done to protect him. Then, in approximately 1975, the municipal defendants placed plaintiff in Albany County, where he was sexually abused by a counselor on one occasion and a maintenance worker on a few other occasions. Again, although plaintiff reported these incidents to the police and to a psychiatrist employed by the non-municipal foster agency in charge of that placement, nothing was done to protect him.[FN3] Construing the statements in the complaint liberally, we find that it alleges that plaintiff provided the municipal defendants with sufficiently specific knowledge of the dangerous conduct at issue, imposing a duty on the appropriate municipal defendant(s) to protect plaintiff from the harm he suffered (see Gray v Schenectady City School Dist., 86 AD3d 771, 773-774 [3d Dept 2011]; Kenneth R. v Roman Catholic Diocese of Brooklyn, 229 AD2d 159, 164-166 [2d Dept 1997], lv dismissed 91 NY2d 848 [1997], cert denied 522 US 967 [1997]). Because the complaint properly pleaded claims for negligence and negligence in hiring, retention, supervision and/or direction, plaintiff should have "an adequate opportunity to conduct discovery into issues within the knowledge" or possession of the municipal defendants[*3](Marsh v Arnot Ogden Med. Ctr., 91 AD3d 1070, 1072 [3d Dept 2012]; see Druger v Syracuse Univ., 207 AD3d 1153, 1154 [3d Dept 2022]; Sharon B. v Reverend S., 244 AD2d 878, 879 [4th Dept 1997]). As such, Supreme Court properly denied the motion.
However, we agree with the Warren County defendants that Supreme Court should have dismissed the negligence and negligent hiring, retention, supervision and/or direction causes of action as they relate to the conduct in Warren County. The complaint alleged that, in approximately 1979, plaintiff was placed in a foster home in Warren County, where he was sexually abused by his foster father on numerous occasions. Although we are cognizant that pleadings alleging negligent hiring, retention and supervision need not be pleaded with specificity (see Belcastro v Roman Catholic Diocese of Brooklyn, N.Y., 213 AD3d 800, 801 [2d Dept 2023]), the complaint merely asserts that the Warren County defendants "knew or, in the exercise of reasonable care, should have known" that the foster father "had the propensity to engage in sexual abuse of children." Unlike in the counties of Albany and Cayuga — where plaintiff alleges that he reported the sexual abuse, thereby providing the municipal defendants with notice of the dangerous condition — the complaint fails to assert any allegations of fact that would have provided the Warren County defendants with notice that the foster father presented a foreseeable harm. Because plaintiff failed to sufficiently plead that the Warren County defendants were provided notice of a dangerous condition present in the Warren County foster home, that claim could not survive a pre-answer motion to dismiss pursuant to CPLR 3211 (a) (7) (see Doe v Hauppauge Union Free Sch. Dist., 213 AD3d 809, 810 [2d Dept 2023]; Fuller v Family Servs. of Westchester, Inc., 209 AD3d 983, 984 [2d Dept 2022]; compare Wagner v State of New York, 214 AD3d 930, 930-932 [2d Dept 2023]), and Supreme Court should have dismissed those claims against the Warren County defendants.
Lastly, in light of our finding that the complaint sufficiently pleaded that the Warren County defendants received notice of the dangerous conditions in the Cayuga County and Albany County foster care placements, we also find that plaintiff sufficiently pleaded that the Warren County defendants' failure to report such abuse violated the duties imposed upon them by Social Services Law §§ 413 and 420 (see Brave v City of New York, 216 AD3d 728, 729-730 [2d Dept 2023]; Davila v Orange County, 215 AD3d 632, 635 [2d Dept 2023]). The Warren County defendants' remaining contentions, to the extent not expressly addressed herein, lack merit.
Pritzker, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion of defendants Warren County and Warren County Department of Social Services to dismiss the first and second causes of action inasmuch as they relate [*4]to the conduct alleged to have occurred in Warren County; motion granted to that extent and that portion of the complaint dismissed against those defendants; and, as so modified, affirmed.

Footnotes

Footnote 1: As the Warren County defendants admitted in their motion papers, a Department of Social Services may place a child under its care outside the boundaries of its county, so long as it is an appropriate foster care setting (see generally Social Services Law § 374; 18 NYCRR 431.6).

Footnote 2: To the extent that the Warren County defendants take issue with the complaint grouping the four counties as "the municipal defendants," we note that "[c]auses of action alleging negligence based upon negligent hiring, retention, or supervision are not statutorily required to be pleaded with specificity" (Belcastro v Roman Catholic Diocese of Brooklyn, N.Y., 213 AD3d 800, 801 [2d Dept 2023]; compare CPLR 3016 [b]; ESBE Holdings, Inc. v Vanquish Acquisition Partners, LLC, 50 AD3d 397, 398 [1st Dept 2008]).

Footnote 3: The complaint explained that the non-municipal foster agencies cared for foster children on behalf of the municipal defendants pursuant to a contract.