Wright v State of New York (2023 NY Slip Op 06013)

Wright v State of New York

2023 NY Slip Op 06013

Decided on November 22, 2023

Appellate Division, Third Department

Mackey, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 22, 2023

535436

[*1]Chi Bartram Wright, Appellant,
v
State of New York, Respondent.

Calendar Date:October 19, 2023

Before: Lynch, J.P., Aarons, Pritzker, McShan and Mackey, JJ.

Belluck & Fox, LLP, New York City (Michael A. Macrides of counsel), for appellant.
Letitia James, Attorney General, Albany (Kevin C. Hu of counsel), for respondent.

Mackey, J.
Appeal from an order of the Court of Claims (Catherine E. Leahy-Scott, J.), entered May 4, 2022, which granted defendant's motion to dismiss the claim.
In July 2021, claimant commenced this claim pursuant to the Child Victims Act (see L 2019, ch 11 [hereinafter the CVA]) seeking to recover damages from defendant for negligent hiring, retention and supervision. Claimant alleges that, between 1986 and 1990, when he was a minor, he was sexually abused on multiple occasions by employees of defendant (and others) at " 'The Egg' /The Governor Nelson A. Rockefeller Empire State Plaza Performing Arts Center Corporation" (hereinafter the premises). Defendant moved pursuant to CPLR 3211 (a) to dismiss the claim on the ground that it failed to adequately state the "nature" of the claim or the "time when" it arose, as required by Court of Claims Act § 11 (b), thereby depriving the Court of Claims of subject matter jurisdiction. The Court of Claims granted defendant's motion, prompting this appeal by claimant. We reverse.
"Pursuant to Court of Claims Act § 11 (b), a claim must set forth the nature of the claim, the time when and place where it arose, the damages or injuries and the total sum claimed" (Morra v State of New York, 107 AD3d 1115, 1115 [3d Dept 2013]; see Davila v State of New York, 140 AD3d 1415, 1415-1416 [3d Dept 2016]). As to the nature of the claim, the claimant "is not required to set forth the evidentiary facts underlying the allegations of negligence" (Davila v State of New York, 217 AD3d 921, 922 [2d Dept 2023]), but "must provide a sufficiently detailed description of the particulars of the claim to enable defendant to investigate and promptly ascertain the existence and extent of its liability" (Sommer v State of New York, 131 AD3d 757, 757-758 [3d Dept 2015] [internal quotation marks, brackets and citations omitted]; see Cobin v State of New York, 234 AD2d 498, 499 [2d Dept 1996], lv dismissed 90 NY2d 925 [1997]). Similarly, the "determination whether a claimant's statement of the 'time when' the claim arose is sufficiently definite to enable the State to investigate and ascertain its liability under the circumstances is a sui generis determination depending upon the nature of the claim and specificity of allegations set forth in the claim" (Fenton v State of New York, 213 AD3d 737, 739 [2d Dept 2023]). As adherence to the requirements of Court of Claims Act § 11 is necessary in order to invoke the Court's subject matter jurisdiction (see Finnerty v New York State Thruway Auth., 75 NY2d 721, 723 [1989], the failure to comply with any of the conditions therein constitutes a jurisdictional defect (see Kolnacki v State of New York, 8 NY3d 277, 281 [2007]; Clark v State of New York, 165 AD3d 1371, 1372 [3d Dept 2018], lv denied 33 NY3d 905 [2019]).
The claim here has been brought under the CVA, which created a two-year window for filing previously time-barred claims (see CPLR 214-g), thereby opening " 'the doors of justice to the thousands [*2]of survivors of child sexual abuse in New York State by prospectively extending the statute of limitations' (Senate Introducer's Mem in Support, Bill Jacket, L 2019, ch 11 at 7)" (Matarazzo v CHARLEE Family Care, Inc., 218 AD3d 941, 943 [3d Dept 2023]). The legislative history of the CVA "acknowledged the unique character of sex crimes where victims of childhood sexual abuse struggle for years to come to terms with their abuse, and . . . how certain abusers — sometimes aided by institutional enablers and facilitators — have been successful in covering up their heinous acts against children" (id. [internal quotation marks, brackets and citations omitted]). As part of the CVA, subdivision 10 was added to Court of Claims Act § 10, providing that the statute of limitations contained in that section "shall not apply to any claim to recover damages for physical, psychological, or other injury or condition suffered as a result of conduct which would constitute a sexual offense as defined in article [130] of the penal law committed against a child less than [18] years of age" (see L 2019, ch 11, § 7). The CVA did not, however, modify the pleading requirements set forth in Court of Claims Act § 11, leaving the courts with the difficult task of determining, on a sui generis basis, whether claims filed decades after the fact are sufficiently specific to enable the State to investigate and promptly ascertain the existence and extent of its liability. As the Court aptly observed in Fletcher v State of New York (218 AD3d 647 [2d Dept 2023]), "[g]iven that the CVA allows claimants to bring civil actions decades after the alleged sexual abuse occurred, it is not clear how providing exact dates, as opposed to [a range of years], would better enable the State to conduct a prompt investigation of the subject claim" (id. at 649 [citations omitted]).
The reality is that "in matters of sexual abuse involving minors, as recounted by survivors years after the fact, dates and times are sometimes approximate and incapable of calendrical exactitude" (Pisula v Roman Catholic Archdiocese of N.Y., 201 AD3d 88, 104 [2d Dept 2021]).Where sexual abuse is alleged to have occurred several decades ago "when the claimant was a child, it is not reasonable to expect the claimant to be able to provide exact dates when each instance of abuse occurred, nor is it required" (Fletcher v State of New York, 218 AD3d at 649 [internal quotation marks, brackets and citation omitted]). Under the particular circumstances of the case before us, where the events are alleged to have occurred several decades ago, when claimant was a child, we conclude that the four-year time frame pleaded is sufficient (see Chmielewski v State of New York, 217 AD3d 1583, 1585 [4th Dept 2023]; Wagner v State of New York, 214 AD3d 930, 931-932 [2d Dept 2023]; Fenton v State of New York, 213 AD3d at 740-741). Accordingly, the Court of Claims should not have granted defendant's motion to dismiss on the ground that the claim [*3]failed to adequately state the time when the claim arose.
Also, contrary to defendant's contention, claimant sufficiently states the nature of his claim. He alleges that between 1986 and 1990, when he was a minor, he was raped and sexually abused by numerous men in multiple incidents while he was lawfully at the premises; that the abuse was perpetrated "by both employees of [defendant] as well as members of the general public"; that the "majority of these incidents occurred at the premises, more specifically in the bathrooms, stairwells, tunnels, boiler room, and Kitty Carlisle Hart Theater"; that many of the perpetrators "were agents, servants and/or employees of [defendant]"; and that "[t]hese men were known among the community and the children as a sexual predator [sic] yet allowed unfettered access to children." Claimant also alleges that abusers used their positions of power and authority provided by defendant "to be able to sexually abuse [him] and other boys" and that their abuse "was open and obvious." Claimant further asserts that defendant negligently retained an abuser "in his position as teacher, coach, and counselor," despite notice of his propensities, thereby allowing his abuse of claimant and other boys to continue. We conclude that these allegations are sufficient to provide defendant with "an indication of the manner in which . . . claimant was injured and how [defendant] was negligent" (Rodriguez v State of New York, 8 AD3d 647, 647 [2d Dept 2004]), and thus "defendant cannot reasonably assert that it is unaware of the nature of the claim" (Martinez v State of New York, 215 AD3d 815, 818 [2d Dept 2023] [internal quotation marks, brackets and citation omitted]; see generally Donahue v State of New York,174 AD3d 1549, 1550 [4th Dept 2019]). Because the claim is sufficiently detailed to allow defendant "to investigate the claim and to reasonably infer the basis for its alleged liability" (Rhodes v State of New York, 245 AD2d 791, 792 [3d Dept 1997]), it satisfies the nature of the claim requirement of Court of Claims Act § 11 (b).
Lynch, J.P., Aarons, Pritzker and McShan, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, motion denied and matter remitted to the Court of Claims for further proceedings not inconsistent with this Court's decision.