Young v State of New York (2024 NY Slip Op 00099)

Young v State of New York

2024 NY Slip Op 00099

Decided on January 11, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 11, 2024

535581
[*1]Fred U. Young III, Respondent,
v
State of New York, Appellant.

Calendar Date:November 15, 2023

Before:Lynch, J.P., Pritzker, Reynolds Fitzgerald, McShan and Powers, JJ.

Letitia James, Attorney General, Albany (Kathleen M. Treasure of counsel), for appellant.
Herman Law, New York City (Nicholas G. MacInnis of counsel), for respondent.

Pritzker, J.
Appeal from an order of the Court of Claims (Catherine E. Leahy-Scott, J.), entered May 10, 2022, which denied defendant's motion to dismiss the claim.
In August 2021, claimant filed a claim under the Child Victims Act (see L 2019, ch 11 [hereinafter the CVA]) against defendant, alleging that defendant was negligent in its failure to adequately hire and train employees, agents and caseworkers. Specifically, claimant alleged that defendant failed to use reasonable care in protecting claimant from being sexually abused by a visiting priest while claimant was a resident of Highland Residential Center (hereinafter Highland), a juvenile detention center operated by defendant, over an approximately five-month period in 1965. Following joinder of issue, in which defendant asserted lack of subject matter jurisdiction as an affirmative defense, defendant moved to dismiss, arguing that claimant had not met the strict pleading requirements mandated in Court of Claims Act § 11 (b). Claimant opposed the motion and the Court of Claims denied defendant's motion, finding that claimant had sufficiently pleaded details to satisfy both the "time when" and "nature of" the claim requirements of Court of Claims Act § 11 (b). Defendant appeals.
When a claim is brought under Court of Claims Act § 11 (b), the claimant must "set forth the nature of the claim, the time when and place where it arose, the damages or injuries and the total sum claimed" (Clark v State of New York, 165 AD3d 1371, 1372 [3d Dept 2018] [internal quotation marks and citation omitted], lv denied 33 NY3d 905 [2019]; see Fenton v State of New York, 213 AD3d 737, 739 [2d Dept 2023]). Notably, "[w]hile Court of Claims Act § 11 (b) does not require absolute exactness, it requires a statement made with sufficient definiteness to enable the State to be able to investigate the claim promptly and to ascertain its liability under the circumstances" (Martinez v State of New York, 215 AD3d 815, 816 [2d Dept 2023] [internal quotation marks and citations omitted]; see Fenton v State of New York, 213 AD3d at 739). "The determination whether a claimant's statement of the 'time when' the claim arose is sufficiently definite to enable the State to investigate and ascertain its liability under the circumstances is a sui generis determination depending upon the nature of the claim and specificity of allegations set forth in the claim" (Meyer v State of New York, 213 AD3d 753, 755 [2d Dept 2023]; accord Chmielewski v State of New York, 217 AD3d 1583, 1585 [4th Dept 2023]). Similarly, when stating the nature of the claim, a claimant is only required to identify allegations sufficient to enable the defendant to be able to promptly investigate the claim to determine its liability; they are not required to also identify the specific evidentiary facts underlying the allegations (see Martinez v State of New York, 215 AD3d at 819; Chmielewski v State of New York, 217 AD3d at 1584).
In his verified claim, claimant alleged that [*2]in approximately 1965, when he was about 10 years old, he was sexually abused in a juvenile detention center operated by defendant, by a priest who visited the facility approximately once a week to administer Catholic services, such as hearing confessions. During these visits, the priest sexually assaulted claimant approximately once every other week for a period of about five months. These acts of sexual assault took place in the visitors' room near the kitchen. Because claimant was in custody at the facility, he alleges that he was unable to avoid the priest. Claimant sets forth that the priest engaged in this pattern of abuse "despite the presence of supervisors and security personnel" and that the "[s]exual abuse of [c]laimant at [the facility] was open, notorious and endemic to the facilities, without interference from adult supervisors and security personnel." The claim describes sexual assault and abuse of juveniles in juvenile detention centers as "a chronic, unmitigated problem well known to criminal justice officials, [Office of Children and Family Services] officials and [officials] of [defendant]."
As to the "time when" requirement specifically, "[g]iven that the CVA allows claimants to bring civil actions decades after the alleged sexual abuse occurred, . . . it is not clear how providing exact dates . . . would better enable the State to conduct a prompt investigation of the subject claim" (Fenton v State of New York, 213 AD3d at 740 [emphasis omitted]; see Matter of Wright v State of New York, ___ AD3d ___, ___, 2023 NY Slip Op 06013, *2 [3d Dept 2023]). Indeed, this Court, adopting the approaches set forth by the Second and Fourth departments (see e.g. Fletcher v State of New York, 218 AD3d 647, 649-650 [2d Dept 2023]; Chmielewski v State of New York, 217 AD3d at 1584-1585), recently held that, given the particular circumstances of the case, pleading a four-year time frame was sufficient (see Matter of Wright v State of New York, 2023 NY Slip Op 06013 at *2). Accordingly, claimant's verified claim easily meets the pleading standard as to the "time when" requirement set forth in other CVA cases (see e.g. Matter of Wright v State of New York, 2023 NY Slip Op 06013 at *2; Fletcher v State of New York, 218 AD3d at 649-650; Chmielewski v State of New York, 217 AD3d at 1584-1585; D.G. v State of New York, 214 AD3d 713, 715 [2d Dept 2023]).[FN1]Moreover, the claim here satisfied the nature of the claim requirement of Court of Claims Act § 11 (b) because it sufficiently provided defendant with details surrounding the alleged assaults, including how defendant was negligent in failing to adequately supervise the priest (see Chmielewski v State of New York, 217 AD3d at 1584; Davila v State of New York, 217 AD3d 921, 922 [2d Dept 2023]; Martinez v State of New York, 215 AD3d at 819-820).
Lynch, J.P., Reynolds Fitzgerald, McShan and Powers, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: We note that the claim "provide[s] a sufficiently detailed description of the particulars of the claim to enable defendant to investigate and promptly ascertain the existence and extent of its liability" (Clark v State of New York, 165 AD3d at 1372 [internal quotation marks and citations omitted]; compare Lepkowski v State of New York, 1 NY3d 201, 207-208 [2003]), even without the more relaxed standard that has been applied to CVA cases.