Berg v State of New York (2024 NY Slip Op 03206)

Berg v State of New York

2024 NY Slip Op 03206

Decided on June 13, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 13, 2024

535861
[*1]Brian Berg, Respondent,
v
State of New York, Appellant.

Calendar Date:April 30, 2024

Before:Clark, J.P., Aarons, Pritzker, Lynch and Ceresia, JJ.

Letitia James, Attorney General, Albany (Owen Demuth of counsel), for appellant.
Herman Law, New York City (Nicholas G. MacInnis of counsel), for respondent.

Clark, J.P.
Appeal from an order of the Court of Claims (Catherine E. Leahy-Scott, J.), entered May 18, 2022, which denied defendant's motion to dismiss the claim.
In August 2021, claimant filed a claim pursuant to the Child Victims Act (see L 2019, ch 11), alleging that he was sexually abused by two different perpetrators while he was placed in defendant's care as a child. Defendant filed an answer asserting several affirmative defenses and, thereafter, moved to dismiss the claim for lack of subject matter jurisdiction pursuant to CPLR 3211 (a) (2) on the grounds that claimant had failed to adequately state the "time when" the claim arose and the "nature" of such claim (Court of Claims Act § 11 [b]). The Court of Claims denied the motion, finding that claimant satisfied the statutory pleading requirements. Defendant appeals, arguing only that the Court of Claims erred in finding that claimant adequately stated the "nature" of the claim.
"Court of Claims Act § 11 (b) 'places five specific substantive conditions upon defendant's waiver of sovereign immunity by requiring the claim to specify (1) the nature of the claim; (2) the time when it arose; (3) the place where it arose; (4) the items of damage or injuries claimed to have been sustained; and (5) the total sum claimed' " (Davila v State of New York, 140 AD3d 1415, 1415-1416 [3d Dept 2016] [brackets omitted], quoting Lepkowski v State of New York, 1 NY3d 201, 207 [2003]). These statutory requirements, upon which defendant's waiver of sovereign immunity is conditioned, must be strictly construed, and the failure to satisfy any such requirements creates a fatal jurisdictional defect (see Kolnacki v State of New York, 8 NY3d 277, 280-281 [2007]; Clark v State of New York, 165 AD3d 1371, 1372 [3d Dept 2018], lv denied 33 NY3d 905 [2019]). "[A]bsolute exactness is not required," but a claim "must provide a sufficiently detailed description of the particulars of the claim to enable defendant to investigate and promptly ascertain the existence and extent of its liability" (Morra v State of New York, 107 AD3d 1115, 1115-1116 [3d Dept 2013] [internal quotation marks, brackets and citations omitted]; see Katan v State of New York, 174 AD3d 1212, 1213 [3d Dept 2019]). Where, as here, a claim is premised on alleged negligent hiring, retention, supervision and/or direction, the claimant "must establish that the agency had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the . . . acts by the [perpetrators] could reasonably have been anticipated" (Easterbrooks v Schenectady County, 218 AD3d 969, 970 [3d Dept 2023] [internal quotation marks and citations omitted]; see Kinge v State of New York, 79 AD3d 1473, 1476 [3d Dept 2010]). Although consideration of a motion to dismiss pursuant to CPLR 3211 requires a court to "afford the pleadings a liberal construction, take the allegations of the [claim] as true and provide the [claimant] the benefit of every possible inference[*2]," such favorable treatment is not limitless, and "claims consisting of bare legal conclusions with no factual specificity" will not suffice (F.F. v State of New York, 194 AD3d 80, 83-84 [3d Dept 2021] [internal quotation marks, brackets and citations omitted], appeal dismissed & lv denied 37 NY3d 1040 [2021], cert denied ___ US ___, 142 S Ct 2738 [2022]; accord Easterbrooks v Schenectady County, 218 AD3d at 970).
According to the verified claim, claimant entered foster care in 1970, when he was seven years old. At the age of 10, he was placed in a foster home, where he alleges that he was sexually abused by another child — a relative of the foster parents (hereinafter the minor perpetrator). Claimant asserts that he ran away from the foster home to escape such abuse. Then, when claimant was 15 years old, he was placed in a facility run by a "not-for-profit corporation providing services to children and families in Schenectady County" (hereinafter the facility). While staying in hotel rooms during off-campus overnight trips, an adult male staff member employed by the facility (hereinafter the adult perpetrator) would sexually abuse claimant. The abuse continued until, during one such overnight trip, a counselor employed by the facility caught the adult perpetrator sexually abusing claimant; claimant was immediately moved to a different facility. The verified claim also states that both perpetrators "had a propensity to engage in the sexual abuse of children," that defendant "knew or in the exercise of reasonable care should have known" that the foster home and the facility "were not safe and that it was foreseeable [that c]laimant would be sexually assaulted or abused" therein.[FN1]
Relying on our recent decisions in Young v State of New York (223 AD3d 985 [3d Dept 2024]) and Wright v State of New York (221 AD3d 132 [3d Dept 2023]), claimant asserts that the instant claim sufficiently set forth the nature of the claim. The verified claim in Young alleged that the sexual abuse of the claimant occurred in an open manner, " 'despite the presence of supervisors and security personnel,' " and that those individuals did not interfere to protect the claimant from further harm (Young v State of New York, 223 AD3d at 986). In Wright, the claimant alleged that he was sexually abused by numerous individuals, including defendant's employees and members of the general public, and that such abuse " 'was open and obvious' " (Wright v State of New York, 221 AD3d at 135-136). Affording those verified claims a liberal construction, presuming the truth of the allegations therein and providing the claimants the benefit of every possible inference, we found that the claims set forth sufficient allegations to establish that the abuse of the claimants occurred in such an open manner that defendant was on notice that the abusive acts could reasonably have been anticipated, yet failed to prevent further harm (see Young v State of New York, 223 AD3d at 986-987; Wright v State [*3]of New York, 221 AD3d at 135-136).
Here, as to the abuse alleged at the foster home, the verified claim alleges only bare legal conclusions and lacks any factual specificity as to how defendant was put on notice of the danger posed by the minor perpetrator.[FN2] As to the facility, the allegation that other staff members knew about the adult perpetrator's participation in the off-campus overnight trips would not have put defendant on notice about the adult perpetrator's propensity to sexually abuse children (see e.g. Moffatt v North Colonie Cent. School Dist., 82 AD3d 1311, 1312 [3d Dept 2011]; compare Grant v Temple, 216 AD3d 1351, 1354-1355 [3d Dept 2023]). Although the allegation that a counselor discovered the sexual abuse may suffice to provide actual notice about the foreseeability of future abuse, the claim fails to allege that any such subsequent abuse took place (cf. Doe v Hauppauge Union Free Sch. Dist., 213 AD3d 809, 810 [2d Dept 2023]; see generally Sanchez v State of New York, 99 NY2d 247, 252-256 [2002]). Even granting the verified claim a liberal construction, presuming its allegations true and providing claimant the benefit of every possible inference, said claim failed to set forth any factual basis upon which defendant could have reasonably anticipated the perpetrators' harmful conduct and, thus, it failed to "provide a sufficiently detailed description of the particulars of the claim to enable defendant to investigate and promptly ascertain the existence and extent of its liability" (Morra v State of New York, 107 AD3d at 1115-1116 [internal quotation marks, brackets and citations omitted]; cf. Easterbrooks v Schenectady County, 218 AD3d at 972; Dolgas v Wales, 215 AD3d 51, 56 [3d Dept 2023], lv denied 41 NY3d 904 [2024]). As such, the Court of Claims erred in denying defendant's motion to dismiss; we thus reverse the order on appeal, grant defendant's motion and dismiss the claim.
This determination renders academic defendant's assertion that it lacked any role in hiring, retaining or supervising either of the perpetrators or any individuals charged with claimant's care at the foster home or at the facility. The parties' remaining contentions have been examined and found to lack merit.
Aarons, Pritzker, Lynch and Ceresia, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, motion granted and claim dismissed.

Footnotes

Footnote 1: Claimant also commenced an action in Supreme Court against Schenectady County and the facility, among others, based on substantially the same allegations brought against defendant herein.

Footnote 2: Interestingly, the section of the claim entitled "NOTICE — FORESEEABILITY" contains no factual allegations about the foster home.